HENRY EMERSON *vs.* ELIZABETH C. WADMAN.

Suffolk. March 7.—12,1877. ENDICOTT, J., absent.

On a writ of error to reverse a judgment of the Superior Court in an action upon a note made by the plaintiff in error, payable to the husband of the defendant in error, the record showed that the original declaration was in three counts, alleged to be for the same cause of action, the first two alleging that the note, though in terms payable to the plaintiff's husband, was in fact payable to her, and the third alleging, without mention of the note, that the defendant owed her a certain sum of money; that by agreement of parties the case was referred to arbitrators, to be disposed of in court in accordance with their decision; and that, after an award had been returned by the arbitrators, judgment was entered on default in favor of the plaintiff for a less sum, in accordance with the award, than was alleged to be due her in the third count. *Held,* that the third count was sufficient; that the submission to arbitration did not oust the jurisdiction of the Superior Court; and that the judgment was not erroneous.

WRIT OF ERROR to reverse a judgment of the Superior Court in an action of contract brought by Elizabeth C. Wadman against Henry Emerson. Plea, *in nullo est erratum.*

The record set forth the writ and the service thereof, and that the plaintiff appeared by attorney and entered the writ and filed the following declaration :

" The said Elizabeth C. Wadman says that she executed and delivered to the defendant a mortgage of certain real estate in the town of Keene, New Hampshire, and likewise a promissory note of the same date, secured by said mortgage, in the sum of six thousand dollars, payable to said defendant or order; said real estate being held by the plaintiff in her own right, and her husband, William B. Wadman, joining in said conveyance, and also signing, with her, said note. And the defendant, in consideration of the premises, promised to advance to the plaintiff said sum of six thousand dollars, less a certain discount for extra interest, commissions and expenses in attending to the business and the examination of the property, and a certain agreed deduction in addition thereto, on account of an alleged indebtedness of said William B. Wadman to the defendant, the whole of said deduction amounting to . and leaving to be advanced to the plaintiff. And the defendant professed that he had the money in his possession, and was ready to pay the sum so to be advanced to her as soon as he was satisfied

with the property, and the title thereto. And the defendant went to said town of Keene, and examined the property and the title, and was satisfied therewith, and took both said note and mortgage, and retained the same. That after obtaining possession of said note and mortgage, he pretended that he had left his money in Boston, and asked said W. B. Wadman to take a memorandum for the balance of money coming to the plaintiff, saying and promising that he would pay the same the next morning. And the defendant made and executed a memorandum note or agreement, a copy of which is hereto annexed, payable in terms to said William B. Wadman, but really and in fact due the plaintiff, as aforesaid, on said mortgage and note. And the plaintiff says the defendant owes her the balance due on said transaction, to wit, twenty-one hundred dollars, and interest thereon.

" Second count. The plaintiff says, defendant made a memorandum note, a copy of which is hereto annexed, payable in terms to W. B. Wadman aforesaid, but in fact payable and due to the plaintiff ; and defendant owes plaintiff the amount named in said note, with interest thereon.

" Third count. The plaintiff further says, she executed a note and mortgage, and delivered same to the defendant, in the sum of $6000; and the defendant promised to pay and advance to the plaintiff the sum named in said note and mortgage, less certain deductions and payments made, amounting to $2300 ; and afterwards the defendant paid the sum of $338, and the sum of $1400, leaving a balance now due and unpaid of $1962; and the defendant owes the plaintiff $1962, and interest thereon since November 14, 1872.

" All counts being for same cause of action."

The copy referred to was as follows : " $2300. Boston, November 14, 1872. For value received I promise to pay W. B. Wadman twenty-three hundred dollars on demand with interest.

" Henry Emerson."

The record further set forth that the defendant appeared by attorney, and filed an answer, denying each and every allegation in the plaintiff's writ and declaration contained ; and also filed a declaration in set-off on a judgment recovered by the defendant against William B. Wadman; and that the parties afterwards

filed the following agreement, signed by the plaintiff and her husband and by the defendant :

" It is agreed that the above entitled action be referred to Smith Gerrish, Luther Farwell and Warren K. Blodgett, who shall have full power as arbitrators to hear the parties and determine the case ; and the decision of a majority of said referees shall be binding upon both parties, and the suit shall be disposed of in court in accordance with such decision. It being understood that the hearing shall take place immediately and without counsel being present. It is agreed that said arbitrators are to settle and adjust all difference or controversies, of every name and nature, existing between the said Emerson and the said Elizabeth C. Wadman, William B. Wadman and the assignees in bankruptcy of said William B., and to render such award therein as justice and equity may require."

The record then set forth the following award, afterwards returned by the arbitrators, and signed by Smith Gerrish and Luther Farwell, a majority of them :

" First. As to the suit of Elizabeth C. Wadman against said Emerson, we find that said Emerson is indebted in said suit to said Elizabeth in the full sum specified in the memorandum note and interest declared on, running to W. B. Wadman, the same being really due not to William B., but to the said Elizabeth ; we therefore award and determine that she receives in said suit, and that the said Emerson pay to her, said sum, amounting to $2192.54, at this date, October 28, 1874.

" Second. Less the sum of $338.25 which we find is the total indebtedness of William B. Wadman to said Emerson, and this deduction being made in accordance with the agreement of parties and the power created in us by said submission. And we further award and determine, that said Emerson pay, in said suit, the costs of court, to be taxed by the court, and our fees of $100.

" After making the deduction herein provided for, we award that said Emerson pay to said Elizabeth $1854.29, debt, and costs of court, to be taxed by the court, and our fee of $100."

The record further showed that " afterwards during the term the defendant, though called to come into court, does not appear, but makes default ; " and that " the plaintiff, on default, takes

judgment in exact accordance with the referees' report, so as to carry the same into effect," namely, for the sum awarded by the referees $1854.29, interest $46.27, refeerees' fees $100, in all $2000.56; and concluded as follows:

" It is therefore considered by the court, on the first day of April, A. D. 1875, that the said Elizabeth C. Wadman recover of the said Henry Emerson the sum of two thousand dollars damages, and forty-seven dollars forty cents costs of suit."

The errors assigned were the following:

" 1. That the said Superior Court had no power or authority to enter judgment against your petitioner upon an award made under a submission not under rule of court, without the assent of all parties.

" 2. That said court had no power or authority to enter judgment upon an award made under a submission to arbitrators in favor of Elizabeth C. Wadman alone; said submission, by its terms, covering and embracing controversies between parties other than the said Elizabeth C. and your petitioner, and not named in the record of said suit.

" 3. That the court erred in entering judgment in favor of said Elizabeth C., upon an instrument not negotiable, payable to William B. Wadman, and upon which no action could be brought except in the name of said William B. Wadman.

" 4. The award is uncertain and not final, inasmuch as it does not contain any statement or allusion to other controversies and disputes embraced in said submission, or whether the same were considered or passed upon by said arbitrators.

" 5. And in divers other respects the court erred."

*G. M. Hobbs*, for the plaintiff in error.

*N. B. Bryant*, for the defendant in error.

BY THE COURT. Whether the first or the second count, each alleging that the note mentioned therein, though in terms payable to the plaintiff's husband, was in fact payable to her, could be sustained, need not be considered; because the third count was clearly sufficient, and all three were alleged to be for the same cause of action. The submission to arbitration did not oust the jurisdiction of the Superior Court, and in terms looked to a disposition of the suit after the award should be returned. The judgment does not appear to have been rendered upon the

award, but upon the default of the defendant, and for a less sum than was alleged in the third count to be due to the plaintiff; and the remitting by the plaintiff, in accordance with the award, of part of the sum which she might have recovered, did not make the judgment erroneous.                    *Judgment affirmed.*