EDWARD PRICE *vs.* KATE C. GOODENOW.

Middlesex.    January 8, 1919. — February 27, 1919.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Arbitrament and Award.*

Under R. L. c. 194, § 1, which provides that "Controversies which might be the subject of a personal action at law or of a suit in equity may be submitted to the decision of one or more arbitrators, as provided in this chapter," the subject matter of an action of contract after the return of the writ into court cannot be submitted to arbitration, except by a reference made by order of court upon agreement of the parties.

CONTRACT for a balance alleged to be due under a contract in writing for altering a barn and making it over into a dwelling house and for extras. Writ dated April 10, 1916.

In the Superior Court the case was heard by *Morton*, J. After an action had been brought and after entry of the writ in court the parties entered into an agreement in writing signed by them and acknowledged before a justice of the peace to submit the matters in controversy to three arbitrators chosen by the parties, the award of the arbitrators to be final. This agreement for arbitration, a copy of which was annexed to and was made a part of the judge's report, purported and was intended to be under R. L. c. 194. It was dated September 7, 1917.

Acting under this agreement the arbitrators met and viewed the premises over which the dispute arose, heard the evidence of the contending parties and made an award in writing within one year as provided by the statute, which award was transmitted to the clerk of the Superior Court of the county of Middlesex.

The defendant refused to abide by this award. The plaintiff on April 26, 1918, made a motion to have the award confirmed. The judge refused to confirm the award or to enter judgment in accordance with the terms of the award and denied the motion, all upon the ground that the arbitrators had not been appointed under a rule of the court but merely by agreement of the parties. The judge reported the case for determination by this court. If the Superior Court had jurisdiction to enter judgment on the award, the award was to be confirmed and judgment was to be entered in accordance therewith. If the Superior Court had no such jurisdiction, the parties were to be left to their rights at law or in equity.

*A. E. McCleary*, for the plaintiff.

*T. Hillis*, for the defendant.

RUGG, C. J. This is an action of contract. After the return of the writ into court, the parties entered into an agreement for arbitration, submitting the matters involved in this action to the determination of three arbitrators. The agreement was substantially in the form prescribed in R. L. c. 194, but it contained a provision to the effect that the attorneys for the parties should sign and enter in court an agreement for judgment on the award as filed by the arbitrators. The arbitrators, in conformity to the terms of the agreement, heard the parties and made their award within one year and returned it to the clerk of the Superior Court. The defendant refused to abide by the award. The judge

of the Superior Court refused to confirm the award or enter judgment in accordance therewith.

That course was right. This was an attempt to arbitrate under the statute a cause of action pending in court. This is not within the terms of the statute. It is provided by R. L. c. 194, § 1, that "Controversies which might be the subject of a personal action at law or of a suit in equity may be submitted to the decision of one or more arbitrators, as provided in this chapter." These words plainly indicate that such an arbitration can relate to matters which might be, but have not yet been, made the subject of an action or suit. That is the clear import of the words used. There is no necessity for any such statute respecting the disposition of causes pending in court, because the court possesses ample power to refer upon agreement by the parties. This practice is too well established to require the citation of authorities. The reference here in question was not under rule of court and was not within the terms of the statute. There is nothing at variance with this conclusion in *Bigelow* v. *Newell,* 10 Pick. 348, and *Sperry* v. *Ricker,* 4 Allen, 17, where no question was raised as to the form, scope or sufficiency of the reference or arbitration.

In accordance with the terms of the report, the parties are to be left to their rights at law or in equity. Order refusing to confirm the award or enter judgment in accordance with its terms affirmed.

*So ordered.*