### JACOB MAGAZINER *vs.* CONSUMERS BAKING COMPANY & others.

Hampden.    October 8, 1925. — November 24, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Jurisdiction. Arbitration. Judgment. Bond,* To dissolve attachment.

When, by consent of the parties, judgment has been entered for the plaintiff in an action where a bond to dissolve an attachment had been given, the surety on the bond cannot successfully defend an action upon the bond by showing that, after the entry of the action and before the judgment, the parties had agreed to submit their dispute to arbitrators and that, after the entry of judgment by consent, a report of the arbitrators had been "left with" the files of the action, which report contained a finding for the plaintiff in the same amount as the judgment already entered by agreement of the parties, and from which report it appeared that in reaching their conclusions the arbitrators had considered matter not included in the pleadings in the action; since the court had not been ousted of jurisdiction by the agreement to arbitrate entered into after the action had begun and the judgment entered by consent should not be affected by the report of the arbitrators afterwards filed.

CONTRACT upon a bond to dissolve an attachment.    Writ dated July 9, 1921.

In the Superior Court, the action was heard by *Macleod*, J., without a jury.    Material facts are described in the opinion. The judge found for the defendants.    The plaintiff alleged exceptions.

The case was submitted on briefs.

*W. G. Brownson,* for the plaintiff.

*J. B. Ely, W. C. Giles, & W. A. McDonough,* for the defendants.

CARROLL, J. This is an action of contract against the principal and sureties on a bond to dissolve an attachment. The bond provided that the obligation should remain in full force if the principal defendant failed within thirty days after final judgment in the action to pay to the plaintiff the amount recovered. It was not contended that the judgment in the original action was in any part satisfied. No appearance was entered for the judgment debtor. In the Superior Court there was a finding for the defendants. The plaintiff excepted to certain evidence and to the refusal to grant his request for rulings.

The defendants offered in evidence, against the plaintiff's exception, an agreement of arbitration, dated April 26, 1921, between the plaintiff and defendant in the original action, reciting that whereas an action was then pending in the Superior Court in which Magaziner was plaintiff and the Consumers Baking Company was defendant, it had been agreed to submit to arbitration the disputes between them relative to the claims set forth in the declaration in said action; and if the arbitrators made an award against the defendant, counsel for the parties were authorized "to file in said court an agreement that judgment be entered in said action." The arbitrators found that the defendant was indebted to the plaintiff in the sum of $2,004.83. They included in their award the sum of $225 for the sale of a baker's shop, which item was not included in the plaintiff's declaration. The award was "Left with files, June 10, 1921." The docket entries show that the action was entered May 3, 1920, and was pending in court when the agreement of arbitration was made on April 26, 1921. On June 6, 1921, "judgment for plaintiff by consent $2004.83" was entered.

The agreement for arbitration having been made when the cause of action was pending in court, the court could not confirm the award or enter judgment thereon against a party who refused to abide by the award. *Price* v. *Goodenow,* 232 Mass. 267. The submission to arbitration by the parties

of the demands claimed in the action did not oust the court of its jurisdiction.   *Emerson* v. *Wadman,* 122 Mass. 384. See *Hearne* v. *Brown,* 67 Maine, 156.   Although the amount of the judgment was the same as that found by the arbitrators to be due the plaintiff, it does not appear that judgment was entered on the award.   The judgment was entered by consent of the parties and was recovered on June 6, 1921, and the award was not filed in court until June 10, 1921.   The judgment was not erroneous and could not be reversed by the principal defendant on a writ of error; nor discredited by the sureties when action was brought on the bond to dissolve the attachment.   *Emerson* v. *Wadman, supra.*   It is not contended that counsel for the parties were without authority to consent to judgment, *Young* v. *Watson,* 155 Mass. 77; nor that the judgment was obtained by fraud: the original defendant and the sureties on the bond are bound by it. See *McNeilly* v. *Driscoll,* 208 Mass. 293, 295.

*Downs* v. *Fuller,* 2 Met. 135, on which the defendant relies, decides that a void judgment may be impeached by one who is not a party to it by plea and proof.   That case is not applicable because there is nothing to show that the judgment in the original action, entered by consent of counsel, was void.   We find nothing in *Laflin* v. *Field,* 6 Met. 287, or the other cases cited in the defendant's brief in conflict with this opinion.   The agreement to arbitrate was not enforceable and we express no opinion on the question of the right of a surety to impeach a judgment entered upon such an award.   See *Miles* v. *Schmidt,* 168 Mass. 339.

The evidence excepted to should have been excluded and the requests of the plaintiff that he was entitled to judgment should have been granted.

<div align="center">

*Exceptions sustained.*

*Judgment to be entered for the plaintiff against all of the defendants.*