### ELLEN J. AYLWARD vs. ALBERT J. G. TIERNEY.

Suffolk.   March 12, 1928.— May 26, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Landlord and Tenant*, Eviction.  *Res Judicata.*  *Evidence*, Competency.

At the trial of an action of contract upon an account annexed for rent,
an unsealed lease in writing of the premises in question executed by the
parties properly was admitted in evidence.

The action above described was for rent for March, April, and May.  The
defendant alleged in his answer an eviction by the plaintiff by reason
of failure to supply sufficient heat.  The·plaintiff introduced evidence
that the issue of sufficient heating, under an answer alleging eviction,
was heard in a previous action against him by the plaintiff in another
court for the February rent, in which there was a finding for the plaintiff
and a judgment accordingly, and that the defendant had paid the judg-
ment.  Evidence offered by the defendant with regard to heating was
excluded.  *Held,* that

(1) The former finding on the issue of heating was conclusive;

(2) The evidence properly was excluded.

CONTRACT.  Writ in the Municipal Court of the City of
Boston dated June 8, 1925.

On removal to the Superior Court, the action was tried
before *Macleod*, J.  The pleadings, and evidence admitted
and excluded subject to exceptions, are described in the
opinion.  There was a verdict for the plaintiff in the sum
of·$249.19.  The defendant alleged exceptions.

The case was submitted on briefs.

· ·*T. E. Hamill*, for the defendant.

*M. J.. Connolly & E. V. Keating*, for the plaintiff.

WAIT, J.  The plaintiff sued upon an account annexed
for "Rent payable in advance of Suite No. 12A, 394 River-
way, Boston, Massachusetts for the months of March, April,
and May, 1925."  The answer was general denial, payment,
surrender and acceptance, and eviction.  A replication was
filed setting up *res judicata* as to surrender and eviction.

The trial judge admitted a written "indenture," not under
seal, executed by the parties, which provided for leasing the

premises in question to the defendant for a term of ten months from August 1, 1924, at a rent of $75 per month, payable in advance, and which was silent in regard to heating. The first exception argued by the defendant is to the admission of this paper. He contends that it was not admissible under the pleadings.

The paper was not under seal. It was admissible on the ground stated in *Bowen* v. *Proprietors of the South Building,* 137 Mass. 274, 275: "Rent agreed to be paid under a parol demise, whether written or oral, as it was formerly recoverable under a general count for use and occupation, can now be recovered under a count on an account annexed. *Warren* v. *Ferdinand,* 9 Allen, 357."

Moreover, the defendant sought to show an eviction by failing to supply sufficient heat to the apartment, and to meet this defence the written demise was competent evidence of the terms agreed upon by the parties.

The defendant moved away from the apartment on February 3, 1925, claiming that he was evicted by the plaintiff landlord through her failure and refusal to supply sufficient heat. The plaintiff introduced evidence that she brought suit for the rent due February 1, in the Municipal Court of the City of Boston; and that at the trial the defendant, under an answer of eviction, introduced evidence with regard to the supply of heat; that the court found for the plaintiff, and the defendant paid the judgment. The defendant offered evidence to show an oral promise to heat, the arrangement of the premises, and failure to supply reasonable heat. His second ground of exception is to the exclusion of this evidence.

Although the cause of action in this proceeding is not the same as that in the Municipal Court, the issue in regard to an eviction is the same, the facts upon which the eviction is claimed are the same, the parties are the same. In such circumstances the defendant is not entitled to another trial of that issue. The former finding is conclusive. The evidence offered was rightly excluded. *Merriam* v. *Whittemore,* 5 Gray, 316. *Corbett* v. *Craven,* 193 Mass. 30. *Dalton* v. *American Ammonia Co.* 231 Mass. 430. See *I. Wit Realty Co.*

v. *G. F. Redmond & Co. Inc.* 251 Mass. 344.   The cases distinguished on page 347 of the last mentioned case likewise have no application to the case before us because the facts pointed out as differentiating them are here made inapplicable by the finding in the Municipal Court.

No exception was claimed to the charge.   We must assume that the jury was fully and correctly instructed with regard to the issues to be determined.

*Exceptions overruled.*