CHARLES BIGGIO *vs.* WINTHROP O. MAGEE.

Plymouth. May 20, 1930. — July 1, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Res Judicata. Evidence,* Competency. *Attorney at Law. Judgment. Practice, Civil,* Exceptions, Appeal.

The declaration in an action of tort for personal injuries contained allegations that the defendant's negligence caused a collision between an automobile operated by him and one operated by the plaintiff. The defendant's answer contained a general denial and an allegation that the plaintiff had been guilty of contributory negligence. In accordance with an agreement in writing later filed by the parties, judgment was entered for the plaintiff for a substantial sum and a further entry was made of judgment satisfied. The defendant in that action commenced an action against the plaintiff therein for personal injuries sustained in the same accident. The pleadings in the second action were substantially the same as in the first, with parties reversed. The plaintiff introduced evidence warranting a finding that the defendant was liable. The defendant introduced the record of the judgment in the first action. The trial judge ordered a verdict for the defendant. *Held,* that

(1) The judgment in the first action imported that the injuries of the plaintiff therein were the proximate result of negligence of the defendant and that the plaintiff was not guilty of contributory negligence;

(2) Although that judgment was entered by consent of the parties without a verdict or finding, it nevertheless was an adjudication finally settling the issues between the parties to the first action;

(3) The doctrine of *res judicata* was applicable to and barred the second action, since the parties and issues therein were the same as those in the first action;

(4) The verdict properly was ordered for the defendant in the second action.

It appeared that the agreement for judgment in the first action above described was made in behalf of the defendant by an attorney who had appeared for him therein as the representative of an insurance company which had issued to the defendant a policy of indemnity insurance against loss arising from the causes such as the one alleged in the declaration. There was no contention at the trial of the second action

that the appearance was unwarranted. The plaintiff at such trial offered to show that by the policy of insurance the insurance company agreed to defend actions for such causes brought against him and had the option to settle in his name and behalf all such claims even if groundless or fraudulent; that he did not know of the settlement of the first action until long afterward; and that neither the insurance company nor its attorney intended that the settlement of the first action should affect his right in the second action. The evidence offered was excluded. *Held,* that

(1) The matters contained in the offer of proof did not affect the authority of the attorney;

(2) The attorney's intent did not alter the operation of the judgment entered in the first action;

(3) There was nothing in the offer of proof which prevented the application of the doctrine of *res judicata* in the second action;

(4) The evidence properly was excluded.

The defendant in an action alleged an exception to and appealed from an order allowing the plaintiff to file a certain pleading. The judge at the trial of the action ordered a verdict for the defendant. The plaintiff alleged an exception. This court, having decided that the plaintiff's exception must be overruled, *held,* that the defendant's exception and appeal had become immaterial; and therefore his exception was overruled and his appeal was dismissed.

Tort. Writ dated October 28, 1927.

The pleadings and material evidence at the trial in the Superior Court before *Donahue,* J., are described in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged exceptions. The defendant alleged an exception to and appealed from an order allowing the plaintiff to file a replication.

*J. H. Dunphy,* for the plaintiff.

*T. H. Buttimer,* for the defendant.

Rugg, C.J. This is an action of tort to recover compensation for personal injuries sustained by the plaintiff on October 7, 1927, through collision between an automobile owned and operated by him with an automobile operated negligently by the defendant on a public way. It was agreed that evidence introduced by the plaintiff at the trial was sufficient to show liability on the part of the defendant. The defendant introduced the record of a judgment in the Superior Court in an action of tort between the present defendant as plaintiff and the present plaintiff as defendant arising out of the same collision and involving

the same facts, the plaintiff in that action seeking compensation for personal injuries and property damage sustained by him through the negligent operation of his automobile by that defendant; that record was to the effect that judgment was entered for that plaintiff for a substantial sum without costs and that the further entry was made of judgment satisfied, all in accordance with agreement of parties in writing duly filed. That agreement for judgment was made between the attorney for Magee as plaintiff and an attorney whose appearance was entered for Biggio as defendant. No contention is made that the appearance of this attorney was unwarranted. The precise question is whether the judgment entered upon agreement of parties for the plaintiff for a substantial sum in the previous action involving the same facts where the parties were reversed is a bar to the present action.

Confessedly the parties to the earlier action were the same as the parties to the present action. Each was an action of tort. It is manifest that the issues raised on the pleadings in the other action were the same as those in the present action. The declaration of the plaintiff in each case was the same in substance. In each case the answer of the defendant was a general denial and an allegation of contributory negligence on the part of the plaintiff. The plaintiff in the other case could not recover unless it was proved that he was injured by reason of the negligence of the defendant as the proximate cause and unless it also appeared under the law that his own want of due care did not contribute to that injury. *O'Connor* v. *Hickey*, 268 Mass. 454. Judgment for the plaintiff in that action imports negligence on the part of Biggio as the proximate cause of the injuries to Magee and freedom of Magee from negligence as a contributing factor to those injuries on the same facts put in issue in the case at bar. If that judgment had been founded on a verdict of a jury or a finding of a judge there could be no question that it would be a bar to the present action on the doctrine of *res judicata*. On reason that doctrine is equally applicable to a judgment such as here was shown entered by consent in an action

at law.  It was for a substantial sum.  It was an adjudication and settled finally the rights of the parties to that cause of action.  It was not erroneous.  It could not be reversed on writ of error.  The doctrine of *res judicata* is a rule of public policy founded on the established principle that it is in the interest of the parties and for the public welfare that litigation once decided on its merits should end.  *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 205–220.  *Boston Food Products Co.* v. *Wilson & Co.* 245 Mass. 550, 558.  It is controlling in the case at bar.  *In re South American & Mexican Co.* [1895] 1 Ch. 37, 44.  *Magaziner* v. *Consumers Baking Co.* 254 Mass. 4, 6.  See *Humphries* v. *Humphries* [1910] 2 K. B. 531, 534, 535.  The case at bar is distinguishable from cases like *Farnum* v. *Brady,* 269 Mass. 53, or *Wight* v. *Wight, ante,* where it was apparent from the record that the judgment was not entered on the merits.  Whatever may be the rule in equity as to the effect of consent decrees, see *New York Central & Hudson River Railroad* v. *T. Stuart & Son Co.* 260 Mass. 242, 248, it has no application to a judgment such as the one here involved in an action at law.

The plaintiff was permitted to file a replication setting up as an equitable ground for relief that the attorney, who agreed to the entry of the judgment in his behalf in the other case, in truth represented the insurance company which had issued to him a policy of indemnity insurance against loss arising from the causes such as the one alleged in the declaration in that case and that he agreed to that judgment without the knowledge or assent of the plaintiff.  *Comstock* v. *Livingston,* 210 Mass. 581.  At the trial the plaintiff offered to show that by the policy of indemnity insurance issued to him the insurance company agreed to defend all actions brought against him of the nature of the other action and had the option to settle in his name and behalf all such claims even if groundless or fraudulent, that neither he nor his personal attorney who had also appeared for him in that action knew of the settlement of that action until long afterward, and that neither the insurance company nor its

attorney intended that the settlement of the other action should affect his right in the present action.

There was no error in the exclusion of that offer of proof. It affected in no material respect the authority of the attorney who made the settlement and agreed to the judgment to act in the name and behalf of the present plaintiff as defendant in that action. The mere intent of one attorney or the attorney for one party to an action at law cannot change the operation of the judgment of the court. There was nothing in this offer of proof to dull the effect of the doctrine of *res judicata* arising from the judgment in the other action. *Finneran* v. *Leonard,* 7 Allen, 54. *McGillvray* v. *Employers' Liability Assurance Corp.* 214 Mass. 484, 486.

Since the plaintiff's exceptions are overruled, the exceptions and appeal of the defendant become immaterial and need not be considered in detail or on their merits.

> *Defendant's exceptions overruled.*
> *Defendant's appeal dismissed.*
> *Plaintiff's exceptions overruled.*