OSCAR LONG *vs.* BARBARA J. MacDOUGALL.

Suffolk.    November 3, 1930. — November 26, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Res Judicata. Practice, Civil,* Amendment.

A domestic judgment rendered by agreement of parties by a court having jurisdiction of the parties and of the cause of action, in the absence of fraud is conclusive upon the parties to the writ affected by it, and collaterally cannot be impeached by evidence of want of authority of an attorney at law to appear and to act for the defendant in agreeing to an entry of such judgment. Per PIERCE, J.

In an action of tort by a man against a woman to recover damages for personal injuries and property damage alleged to have been sustained by the plaintiff in a collision between two automobiles, one driven by the plaintiff and the other by the defendant, it was proper to permit the defendant to amend her answer by setting up that a judgment had been entered for her in an action by her against the man relating to the same collision, and at the trial to admit evidence that in such an action attorneys appeared for the man and, without a trial of the facts, agreed to a judgment for $350 in favor of the woman, although it appeared that the man was insured against the liability, that he had been served with a summons in the action against him and had turned it over to his insurer and did not know what happened to it afterwards; that he was not able to find his insurance policy; and that he did not know and never had spoken to any member of a firm of attorneys who appeared for him, and never had authorized them to agree to any judgment against him; and, on such evidence, it was proper to order a verdict for the defendant, the judgment against the plaintiff in the previous action being *res judicata* barring the second action.

TORT.    Writ dated August 31, 1927.

In the Superior Court, the action was tried before *Walsh,* J.    Material evidence is stated in the opinion.    A verdict for the plaintiff in the sum of $400 was recorded subject to leave reserved under G. L. c. 231, § 120; and thereafter the judge ordered the entry of a verdict for the defendant.    The plaintiff alleged exceptions.

*D. H. Fulton,* for the plaintiff.

*R. B. Coulter,* for the defendant.

PIERCE, J.   This is an action of tort to recover damages for personal injuries and property damages alleged to have been sustained by the plaintiff in a collision between two automobiles, one driven by the plaintiff and the other by the defendant.   The answer of the defendant is a general denial, and a special answer to the effect that a judgment had been entered in behalf of Barbara J. Mac-Dougall against Oscar Long in the Superior Court as the result of an action founded upon the same collision.

Subject to the exception of the plaintiff, the judge permitted the defendant to file an amendment setting up that a judgment had been entered in the case of Barbara J. MacDougall against Oscar Long, in Norfolk County, and also admitted in evidence the writ, declaration, answer, agreement for judgment and docket entries in that case. From these it appeared that the said action was based upon the same collision of automobiles which are concerned in the instant case.   The record further discloses that attorneys appeared for Oscar Long and, without any trial of the facts, agreed to a judgment of $350 in behalf of Barbara J. MacDougall against Oscar Long, and to a further entry of " judgment satisfied."   During the course of the trial it was in evidence, and was all the evidence material to the issue raised by the bill of exceptions, that Oscar Long was insured, and had a policy of insurance in the Union Indemnity Company; that a summons was served upon him in an action of Barbara J. MacDougall against Oscar Long; that he turned the summons over to his insurance broker and did not know what happened to it afterwards; that he was not able to find his insurance policy; and that he did not know and never spoke to any member of the firm of attorneys who appeared for him, and never authorized them to agree to any judgment against him.   The jury found for the plaintiff and assessed damages.   The judge set this verdict aside under leave reserved.   To this action and to the action of the judge in allowing amendments to the answer setting up the judgment as aforesaid the plaintiff excepted.

" The motion upon which the verdict was set aside

under the leave reserved was allowed upon the ground that the judgment hereinbefore referred to was *res judicata,* and whether this judgment did amount to *res judicata* as between these parties is the only question raised by this bill " of exceptions. .

The parties in the action of MacDougall against Long lived in this Commonwealth. The court which rendered the judgment against Long had jurisdiction of the subject matter and of the party defendant in the action perforce of its summons, which the defendant admitted was served upon him. A domestic judgment rendered by a court of general jurisdiction in the absence of fraud is conclusive upon the parties to the writ affected by it, and collaterally cannot be impeached by evidence of want of authority to appear or to act for the defendant or for any other cause. *Finneran* v. *Leonard,* 7 Allen, 54. *Young* v. *Watson,* 155 Mass. 77. *Savage* v. *Welch,* 246 Mass. 170, 176. *Biggio* v. *Magee,* 272 Mass. 185. The defendant's relief in such a case is found in a proper application for review or writ of error, and in exceptional cases by a bill in equity. *Hendrick* v. *Whittemore,* 105 Mass. 23. *Brooks* v. *Twitchell,* 182 Mass. 443. *Joyce* v. *Thompson,* 229 Mass. 106. On the above facts, which are not disputed, the motions to amend were within the discretionary power of the judge, the judgment was properly admitted in evidence and was *res judicata* as between the parties.

*Exceptions overruled.*