MICHAEL ANSARA *vs.* WILLIAM D. REGAN.

Middlesex.    May 12, 1931. — September 14, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Judgment.   Res Judicata.   Equity Pleading and Practice,* Appeal.

In a suit in equity by a mortgagor in a third mortgage against the mortgagee, the plaintiff in substance averred that on such mortgage $3,900 was due; that the amounts secured by the prior mortgages were $44,000; that the defendant entered and took possession under the third mortgage and received rents and profits but did not account to the plaintiff; that the defendant advertised a sale in foreclosure of the premises "subject to" the prior mortgages; that at such sale he was the highest bidder and purchased the premises "subject to" the prior mortgages for $44,000. The prayers of the bill were that the defendant be ordered to pay the plaintiff $40,100 and to account for the rents and profits. The defendant in a plea averred that previous to the bringing of the suit he had brought an action of contract against the plaintiff and in the declaration in that action had alleged in substance that at the foreclosure sale the highest bid was the sum of $44,000 for said premises, that there was due to prior mortgagees the sum of $43,500 principal and about $1,500 interest, that there also was due for taxes and other charges more than $1,500 additional and that the defendant (mortgagor) still owed the plaintiff (mortgagee) the amount of the third mortgage note; that the plaintiff (mortgagor) had answered by allegations of general denial and payment; that a compromise had been reached and by agreement entries had been made in that action of judgment for the plaintiff (mortgagee) for $1 and judgment fully satisfied. The plea was adjudged suf-

ficient. Upon a hearing as to the truth of the facts therein alleged, it
appeared that the defendant in the action at law (mortgagor) as part
of the settlement had delivered a rug to the plaintiff (mortgagee).
The facts alleged in the plea were found to be proved and a final decree
dismissing the bill was entered. The plaintiff appealed. *Held,* that

(1) In his answer as defendant in the action at law it was open to
the mortgagor to contend that the amount of the purchase price at
the sale was not applicable by the plaintiff therein (mortgagee) upon
the prior mortgages, and therefore that, after deducting from such
purchase price the amount due on the third mortgage note, a balance
was not due to the plaintiff (mortgagee) in that action, but that an
amount was due to the defendant (mortgagor) from the plaintiff
(mortgagee);

(2) Such defence having been open in that action, the entry of
judgment therein for the plaintiff (mortgagee) precluded its being
again raised in this suit;

(3) The plea properly was adjudged good and the suit properly
was dismissed.

Where, at the hearing of a suit in equity in the Superior Court, the evi-
dence was taken by a stenographer appointed under G. L. c. 214,
§ 24; Equity Rule 29 (1926), and original papers on file in the court
were produced by the clerk and were used in evidence, but copies
were not furnished nor transcribed by the stenographer, such original
papers properly were transmitted under St. 1929, c. 265, § 1, to the
clerk of this court upon argument of an appeal from a final decree in
the suit; and it was not necessary to remand the suit to the Superior
Court to have copies transcribed by the stenographer.

The record as prepared by a clerk of the Superior Court upon appeal
from a final decree in a suit in equity contained a transcript of notes
of the evidence taken by one who certified that as official stenographer
for the Commonwealth he reported the suit at the trial before the
judge who heard the evidence. No specific statement set out that the
stenographer appointed was a suitable disinterested person, and that
he was so appointed, before evidence was offered, at the request of a
party or by direction of the judge in accordance with the provisions of
G. L. c. 214, § 24; Equity Rule 29 (1926). The appellant filed a motion
to discharge the appeal and to remand the suit for correction of the
record. A certificate filed by the clerk in connection with the motion
showed that such application for the appointment of a stenographer was
made and filed with the papers before evidence was taken. *Held,* that

(1) It was to be presumed that an order allowing the motion for
the taking of the evidence under the statute and rule was made by
the judge and, by inadvertence, failed to be recorded;

(2) Without deciding the question of law and without establishing
a precedent, this court dealt with the case on the assumption that
the evidence was properly before them, as set out in the papers, and
denied the motion to remand.

BILL IN EQUITY, filed on April 7, 1930, with a writ in
trustee process dated February 25, 1930. The plaintiff

averred in substance that he had made to the defendant Regan a third mortgage of certain real estate in Lowell to secure payment of a note for $5,500, subject to a first mortgage securing a note of $32,000 and a second mortgage securing a note of $12,000; that for breach of condition of such third mortgage the defendant had made entry and had taken possession of the premises and had collected rents and profits but had not accounted to the plaintiff therefor; that subsequently the defendant had advertised a sale in foreclosure of such third mortgage of "said premises subject to the two prior mortgages"; that at the sale the defendant bid in and purchased for $44,000 and received a deed of the premises "subject to" the two prior mortgages; that at the time of the sale there was due on said third mortgage note the sum of $3,900. The prayers of the bill were that the defendant be ordered to pay to the plaintiff $40,100 and interest, and to account for the rents and profits.

The defendant filed a plea, afterwards amended, in which he averred in substance that on August 18, 1924, he, the defendant, had brought an action against the plaintiff and his wife, in the declaration in which he had alleged in substance that, at the foreclosure sale the "highest bid . . . was the sum of $44,000 for said premises; that there was due to prior mortgagees the sum of $43,500 principal, and about $1,500 interest; that there also was due for taxes and other charges more than $1,500 additional; that the defendants still owe the plaintiff the amount of said note"; that each defendant answered by a general denial and an allegation of payment; that previous to January 15, 1925, such former action was "compromised and settled" by the parties and an agreement of "Judgment for the plaintiff in the sum of One Dollar, without costs, and Judgment Fully Satisfied" was entered and filed on January 15, 1925; and thereafter such judgment was entered and still was in effect.

The suit was heard by *Qua*, J., on the question of the sufficiency of the plea, and by his order an interlocutory decree was entered adjudging the plea sufficient, the judge

in substance ruling that the result of the "former action shows that there was a deficit on the mortgage note of one dollar. If there was a deficit due to the mortgagee on the note then, there cannot be a surplus due to the mortgagor now."

Thereafter the suit was heard by *McLaughlin*, J., on the question of the truth of the averments of the plea. Certain questions respecting the appointment of a stenographer under G. L. c. 214, § 24; Equity Rule 29 (1926) are stated in the opinion. The judge found the averments proved and by his order a final decree was entered dismissing the bill. From all decrees, the plaintiff appealed.

The case was argued at the bar in May, 1931, before *Crosby, Pierce, Carroll, Wait,* & *Field,* JJ., and afterwards was submitted on briefs to all the Justices except *Sanderson,* J.

*J. A. O'Mahoney,* for the plaintiff.

*J. P. Cassidy,* for the defendant.

WAIT, J. It has become the practice of our law that the same subject matter shall not be litigated twice between the same parties. When they resort to the courts for the determination of a right, they must abide by the result of the legal proceedings. If, by their agreement after litigation has been entered upon, they put the result in the form of a judgment in the proceeding, they thenceforth are as much bound by the legal effect of the judgment as if it were the outcome which a court would have reached had the issues disclosed by the pleadings been fully tried and decided. In any subsequent dispute between them the judgment binds them. They cannot go behind it with regard to issues within the scope of the pleadings. They must see to it when they agree upon the judgment that issues disclosed by the pleadings intended to be left undecided are excluded from its binding effect.

In the case before us immediately after a sale intended as a foreclosure of a mortgage held by Regan, he brought an action upon the mortgage note against the makers and by his declaration made the issue his right to recover upon the note because he had not received what was due upon

it.  He set out that, owing to prior encumbrances which must be met from what he had paid, there was nothing received which diminished the amount due him from the makers of the note.  They answered a general denial and payment.  They did not set out their present contention that what he had paid was not applicable to prior encumbrances, but, instead, after deducting from it the amount due upon this mortgage note, was payable to them as the mortgagors, so that nothing was due from them upon the note.  This defence, however, was open to them under their general denial, and, it has been said in *Draper* v. *Mann*, 117 Mass. 439, *Hood* v. *Adams*, 124 Mass. 481, *Muhlig* v. *Fiske*, 131 Mass. 110, 114, *Warneke* v. *Wyczatycki*, 269 Mass. 179, was admissible as payment.  The real issue made by the pleadings was whether anything remained due to Regan upon the note after the foreclosure sale.  The parties agreed upon a compromise — in fact an accord and satisfaction.  The makers delivered a rug to Regan, and, through their attorney in the action, agreed to an entry of judgment for Regan for $1, and entry of "judgment satisfied."  By so doing the makers recognized Regan's claim as good.  The issue was settled that in the circumstances something remained due to Regan; that the note had not been extinguished by the happenings attending the foreclosure sale.  It is not open to them to litigate that issue anew.  *Biggio* v. *Magee*, 272 Mass. 185.  *Long* v. *MacDougall*, 273 Mass. 386.

We need not consider whether in technical law there was here *res judicata*; whether if all that appeared was a consent judgment in Regan's favor the plaintiff would be helpless.  More does appear.  The circumstances attending the action are set out in the plea and leave no doubt that the essential issue here was involved in the action at law and open to determination therein under the pleadings. There is no doubt that the makers realized that, in truth, there was a deficiency in payment of the note, and by the consent judgment intended so to record.  The judgment was intended to be a deficiency judgment.  We think the judge right in deciding that it was not open to the plaintiff

to litigate the point again, and that the plea in bar, if true, was sufficient; and further, we think the judge who heard the case on the facts was not in error in his finding as to the truth of the allegations of the plea. Nothing in *Sawyer* v. *Woodbury*, 7 Gray, 499, compels a different decision, nor do *Rosenberg* v. *Peter*, 269 Mass. 32, *Farnum* v. *Brady*, 269 Mass. 53, *Guild* v. *Cohen*, 269 Mass. 241. Compare *Lesberg* v. *Lesberg*, 260 Mass. 216; *Aylward* v. *Tierney*, 263 Mass. 572; *Beserosky* v. *Mason*, 269 Mass. 325, 328.

Questions of practice are raised by the plaintiff's motions to discharge the appeal and remand the record for correction. At the hearing on the merits of the plea original papers in the action at law were used in evidence. They were produced by the clerk of the courts and remained in his hands. They were transmitted by him to the clerk of this court with the record of the appeal and the stenographer's report of the testimony. This was in accord with the provision of St. 1929, c. 265, § 1, that "Original papers used in the trial in the court below which are needed before the full court of the supreme judicial court shall be transmitted to its clerk to be kept on file by him until the rescript in such case is sent." Inasmuch as these papers were not put in evidence by certified copies they were not matter for transcription by the stenographer and could be brought before us only in the manner pursued (except, possibly, by agreement of the parties). There is no occasion to remand the record for correction ·in this regard. The originals are before us.

The record as prepared by the clerk contained a transcript of notes of the evidence taken by Caroline Edmands who certified that as official stenographer for the Commonwealth she reported the case at the trial before the judge who heard the evidence as to the truth of the plea. No specific statement set out that the stenographer appointed was a suitable disinterested person to take the evidence at the request of a party or by direction of the judge, before evidence was offered, under the provisions of G. L. c. 214, § 24, Equity Rule 29 (1926). Inasmuch, however, as a certificate filed by the clerk in connection with the motion

for remand shows that such application was made and filed with the papers before evidence was taken, we think an order allowing the motion may be presumed to have been made by the judge and, by inadvertence, failed to be recorded. Counsel has made affidavit that such order was made. In the circumstances, we think an order of remand is not necessary. Without deciding the question of law and without establishing a precedent, we have dealt with the case on the assumption that the evidence is properly before us, as set out in the papers, since the result is unaffected and the parties suffer no prejudice thereby.

*Decrees affirmed.*