C. Hazel Browne *vs.* James A. Moran.
Lowell G. Browne *vs.* Same.

Plymouth.   October 6, 1937. — March 30, 1938.

Present: Rugg, C.J., Field, Donahue, Lummus, & Qua, JJ.

*Res Judicata. Pleading, Civil,* Answer. *Evidence,* Competency.

Although a trial judge denied a motion, presented during a trial, to amend the answer to set up the defence that the cause of action was *res judicata* by reason of a judgment in another court between the same parties where the same issues were tried, entered shortly before the instant trial began but long after the time for answering had expired, such defence in the circumstances was open under the general denial.

Judgments for the plaintiff in two actions for personal injuries sustained in a collision of the plaintiff's automobile with one owned by a woman, who was the defendant in one of the actions, and driven by her husband, the defendant in the other, and alleged to have been caused by negligence of the husband, established the fact that the plaintiff was

not negligent and barred actions pending in another court by the woman and her husband for personal injuries of each and consequential damages of the husband resulting from the same collision and alleged to have been caused by negligence of the plaintiff in the first actions.

Two ACTIONS OF TORT. Writs in the Third District Court of Plymouth dated February 7, 1935.

The actions were tried together before *Bisbee*, J., and in this court were submitted on briefs.

*A. S. Feinberg*, for the plaintiffs.

*J. N. Maguire*, for the defendant.

RUGG, C.J. These are two actions of tort, one brought by the wife and the other by her husband, to recover compensation for injuries and damages sustained by each of them on a public way through the collision of the automobile, owned by the wife and driven by the husband, in which both were riding, with an automobile alleged to have been operated negligently by the defendant. Although the female plaintiff was the owner of the automobile in which they were riding, it was being operated by her husband on his own business with the permission of the wife, who was riding with him for pleasure.

The declaration in the case of the female plaintiff contained one count for personal injuries and another count for property damage. The declaration in the case of her husband contained a count for consequential damages resulting from personal injuries to his wife, and another count for personal injuries to himself. The original answer in each case embraced a general denial and a charge of contributory negligence on the part of the plaintiff. These cases were pending in a district court in Plymouth County.

During the trial of each of these cases, the defendant moved to amend his answer by setting out that an action had been instituted in a district court in Barnstable County by him as plaintiff against each of these plaintiffs, to recover compensation for injuries from negligence arising out of the acts alleged in the declarations in the present actions, and that a decision had been rendered and judgment entered in his favor and against each of these plaintiffs, and

that such judgment was a bar to the maintenance of each of the present actions. Transcript of proceedings in the Barnstable County cases disclosed the entry of such judgments arising out of the same accident for which recovery is sought in each of the present actions. The certificate of those proceedings shows that the present defendant had recovered judgment against the present plaintiffs seven days before the trial in the cases at bar in the Plymouth County district court. The actions in the Barnstable County district court arose out of the same accident for which recovery is sought in the actions at bar. It is manifest that these judgments in the cases in which the present defendant was plaintiff in the district court in Barnstable County were entered in his favor on a date subsequent to that on which he could have filed answers in the cases at bar. Rule 13 of the District Courts (1932). Thus, as a result of this accident, there were at the same time pending in Barnstable County two actions by the present defendant as plaintiff, one against each of the present plaintiffs, and, in Plymouth County, the two actions now at bar, one by each of the plaintiffs against the present defendant.

Decision upon the disposition of this motion by the defendant to amend his answer was reserved in each case and later each motion was denied.

The defendant seasonably requested, in each of the cases at bar, a ruling that the plaintiff is barred from recovery by reason of the judgment in the Barnstable County district court. Those requests were denied.*

The trial judge made special findings that, "In the trial of these cases the plaintiffs and the defendant submitted testimony going fully to the merits, at the conclusion of which the defendant moved to amend his answers in both cases by setting up judgments favorable to him in actions arising out of the same cause against each of the plaintiffs in Barnstable County. Circumstances peculiar to the instant cases, the fact, brought out in argument, that the same

---

* The judge stated that he denied those requests because of his denial of the defendant's motions to amend his answers. — REPORTER.

insurance company is interested as insurer of both automobiles involved, that its counsel represented the plaintiffs here as defendants in Barnstable and now appear in opposition to them in the same matter, presents a situation unavoidable by counsel and in which there can be no reflection, which impels, in the exercise of discretion contemplated by law, the denial of these motions." The trial judge also found that there was negligence in the operation of both automobiles at the time of the accident. He found, further, that the female plaintiff had no control over the operation of, or the course taken by, the automobile owned by her at the time of the accident, that the relation between the female plaintiff and her husband was comparable to the facts set forth in the case of *Nash* v. *Lang,* 268 Mass. 407, except that, in the case at bar, the female plaintiff was present in her automobile and that the suddenness of the events accompanying the accident was such that "she was without opportunity to undertake or in any manner direct the control of her automobile." Judgment was ordered for the female plaintiff in the sum of $450.

In the action of the husband, the finding was for the plaintiff upon the count in his declaration for consequential damages, and judgment was ordered in the sum of $28; the finding was for the defendant on the count for personal injuries.

The rulings and refusals to rule, as shown on the record, were reported by the trial judge.

The real defence in the cases at bar is *res judicata* arising from the judgments in favor of the present defendant in the district court of Barnstable County. The foundation of the doctrine of *res judicata* is that, when a final decision or decree has been entered on the merits of the case by a court of competent jurisdiction, the judgment or decree is conclusive. "The doctrine of *res adjudicata* is plain and intelligible, and amounts simply to this, that a cause of action once finally determined, without appeal, between the parties, on the merits, by any competent tribunal, cannot afterwards be litigated by new proceedings either before the same or any other tribunal." *Foster* v. *Busteed,* 100 Mass. 409, 412. *Boston Food Products Co.* v. *Wilson*

& *Co.* 245 Mass. 550, 558. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 203, 217. In *Biggio* v. *Magee,* 272 Mass. 185, 188, occurs this statement: "The doctrine of *res judicata* is a rule of public policy founded on the established principle that it is in the interest of the parties and for the public welfare that litigation once decided on its merits should end." It was said in *Hart Steel Co.* v. *Railroad Supply Co.* 244 U. S. 294, 299: "This doctrine of *res judicata* is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, 'of public policy and of private peace,' which should be cordially regarded and enforced by the courts to the end that rights once established by the final judgment of a court of competent jurisdiction shall be recognized by those who are bound by it in every way, wherever the judgment is entitled to respect."

It is usual to raise the defence of *res judicata* by the answer or other appropriate pleading. In the cases at bar it was impossible for the defendant to set up in his answers the defence of *res judicata* arising from the judgments in the district court in Barnstable County, because those judgments were not entered until after the time for filing his answers in the cases at bar had expired under the rules of the district courts.

His motion to amend the answers by setting up this defence in each case was denied by the trial judge. The facts constituted no compulsion requiring the denial of the motions. When a party is deprived of pleading the defence of *res judicata* in the conditions here disclosed, the law provides a remedy. In speaking of the effect of a prior judgment which had not been specially pleaded, it has been said: "When, in the course of the pleadings, the party who relies on matter of estoppel has no opportunity to plead it, he may show it in evidence; and it will in general have the same effect as if pleaded." *Howard* v. *Mitchell,* 14 Mass. 241, 243. *Adams* v. *Barnes,* 17 Mass. 365, 370. *Gilbert* v. *Thompson,* 9 Cush. 348. *Eastman* v. *Cooper,* 15 Pick. 276, 286. *Sprague* v. *Waite,* 19 Pick. 455. This

principle has been followed in recent cases. In *Foye* v. *Patch*, 132 Mass. 105, 109, at page 110 it was said: "if the judgment be an adjudication between the same parties, and against the plaintiff, of issues which tend directly to disprove the allegations contained in the declaration, then it is admissible in evidence under an answer denying those allegations." *Rogers* v. *Shea*, 219 Mass. 416. See cases collected in 34 Corpus Juris, page 1057. In the cases at bar, the prior judgments in the Barnstable County cases were proved by the verity imported by the records of the court. Those judgments were indisputable. Every element of estoppel was shown. Those records constituted a bar to the prosecution of the present cases. The defendant's fifth request for ruling, to the effect that the judgments in the Barnstable County cases were a bar, was correct. *Biggio* v. *Magee*, 272 Mass. 185.

The plaintiffs in the cases at bar, in order to prevail, must prove negligence on the part of the defendant. That, however, could not be done because the decision of the Barnstable cases settled the point that the defendant was free from negligence. Therefore, the defendant not being blameworthy with respect to the direct injury to the wife as plaintiff, the husband is not entitled to try again that question with respect to his claim for consequential damage. He has had his day in court on that matter. *Cole* v. *Bay State Street Railway*, 223 Mass. 442. *Bonifazi* v. *Breschi*, 296 Mass. 544.

The result is that, in each case, the order of judgment for the defendant made by the Appellate Division was right.

*It is affirmed.*