## MABARDY v. RAILWAY EXPRESS AGENCY, Inc.
### No. 7237.

District Court, D. Massachusetts.
Jan. 17, 1939.

Francis Juggins, of Boston, Mass., for plaintiff.

Austin M. Pinkham, of Boston, Mass., for defendant.

McLELLAN, District Judge.

Pursuant to Rule 56 of the federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the defendant moves for summary judgment. The arguments upon the motion, which is supported by an affidavit, were heard today.

At the outset it should be stated that no attempt is here made to determine what the alleged defense should be called. It is unnecessary to decide whether to call

it res judicata or estoppel by judgment. See Cromwell v. Sac County, 94 U.S. 351, 24 L.Ed. 195; Myers v. International Trust Company, 263 U.S. 64, 44 S.Ct. 86, 68 L.Ed. 165; Baltimore Steamship Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069.

The matter argued by the parties is the effect upon the instant case of the former judgment to which reference is about to be made, and it is the effect of that judgment with which this decision deals.

The facts on which the controversy depends follow:

On January 12, 1937, a collision occurred between two motor vehicles, one driven by the plaintiff, Mitchell A. Mabardy, and the other by Michael G. Cashman, an employee of the defendant. Cashman sued Mabardy in the state court for personal injuries. In that action the issues were Cashman's due care, Mabardy's negligence, and Cashman's damages. Cashman obtained judgment and collected it. Later, Mabardy sued Cashman for his injuries in the state court, and the latter's plea of res judicata was there sustained. Mabardy also sued Railway Express Agency, Inc., in the state court and the defendant removed the case to this court. This is the case in which the motion for summary judgment was filed. The defendant then answered, setting up certain facts and declaring the matter "res judicata", and this part of the answer is involved in the defendant's motion for summary judgment.

As between Mabardy and Cashman, the former's negligence and the latter's due care were determined finally by the judgment which Cashman obtained against Mabardy. Browne v. Moran, Mass., 14 N.E.2d 119; Biggio v. Magee, 272 Mass. 185, 172 N.E. 336. Though the facts there appearing are different than those here appearing, the decision in Giedrewicz v. Donovan, 277 Mass. 563, 179 N.E. 246, indicates that a master may avail himself of a judgment rendered in favor of his servant in a case of this type. The case at bar proceeds on the doctrine respondeat superior,—that Cashman's negligence should be imputed to the defendant, his employer. In an action by Cashman against the present plaintiff, the latter's negligence was established. It is an essential element of the plaintiff's case here that his accident should not have been caused by contributory negligence on his part. The effect

**26**

of the former judgment against the present plaintiff is to prevent him from maintaining this action.

The defendant's motion for a summary judgment is granted.