CORNELIA MACHERAS *vs.* STAVROS SYRMOPOULOS.

Middlesex.  April 1, 1946. — May 3, 1946.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

*Res Judicata. Judgment. Practice, Civil,* Agreement for judgment.

A judgment for the plaintiff, entered by an agreement of the parties not signed by the defendant personally, for damage to an automobile, owned and operated by the plaintiff, in a collision with an automobile operated by the defendant, barred on the ground of res judicata an action by the judgment debtor against the judgment creditor for personal injuries arising out of the same collision; G. L. (Ter. Ed.) c. 231, § 140A, inserted by St. 1932, c. 130, § 1, was not applicable.

TORT. Writ in the Superior Court dated July 17, 1944.

The action was tried before *Forte,* J., who ordered a verdict for the defendant. The plaintiff alleged exceptions.

*E. H. Chayet,* for the plaintiff.

*R. W. Cornell,* for the defendant.

SPALDING, J. The only question here is whether the defence of res judicata, pleaded by the defendant, was established as matter of law.

The facts, which are not in dispute, are these: The present action is one of tort brought by the plaintiff to recover for personal injuries resulting from the alleged negligent operation of an automobile by the defendant. The evidence introduced by the plaintiff showed that her injuries were sustained on July 19, 1943, when an automobile which she was driving on Salem Street, Lowell, collided with an automobile driven by the defendant. (We assume that it could have been found that the defendant was negligent and that the plaintiff was in the exercise of due care.) The defendant introduced certified copies of the writ, declaration, findings and agreement for judgment on file in the District Court of Lowell in an action of tort between the present defendant as plaintiff and the present plaintiff as defendant arising out of the same collision. In that action the plaintiff (defendant

here) sought compensation for damage to his automobile by reason of the negligence of the defendant (plaintiff here) in the operation of the automobile driven by her; the judge found for the plaintiff and assessed damages in the amount of $220.35. Thereafter the parties through their attorneys executed and filed in court an agreement for judgment in which it was stipulated that the following entries be made: "Judgment for the plaintiff in the sum of Two Hundred and no/100 ($200.00) Dollars, without costs: and Judgment satisfied."

The judge rightly directed a verdict for the defendant. The judgment in the earlier action was res judicata. There the parties and issues were the same as those here. It is not open to the plaintiff to try the issues anew; she has had her day in court. The case is governed by *Biggio* v. *Magee,* 272 Mass. 185, *Long* v. *MacDougall,* 273 Mass. 386, and *Browne* v. *Moran,* 300 Mass. 107. That the judgment was entered by agreement of the parties rather than by the court is of no materiality. Whatever may be the rule in equity as to the effect of consent decrees (see *New York Central & Hudson River Railroad* v. *T. Stuart & Son Co.* 260 Mass. 242, 248; *Cutter* v. *Arlington Casket Co.* 255 Mass. 52, 62), it is settled in this Commonwealth with respect to actions at law that if, "by their agreement after litigation has been entered upon, . . . [the parties] put the result in the form of a judgment in the proceeding, they thenceforth are as much bound by the legal effect of the judgment as if it were the outcome which a court would have reached had the issues disclosed by the pleadings been fully tried and decided. In any subsequent dispute between them the judgment binds them." *Ansara* v. *Regan,* 276 Mass. 586, 589. *Biggio* v. *Magee,* 272 Mass. 185. *Long* v. *MacDougall,* 273 Mass. 386. Compare *Wight* v. *Wight,* 272 Mass. 154. See *United States* v. *Parker,* 120 U. S. 89; *In re South American & Mexican Co.* [1895] 1 Ch. 37.

As a result of the decision in *Biggio* v. *Magee,* 272 Mass. 185, the Legislature on the recommendation of the Judicial Council (see Seventh Report of Judicial Council, 32, 33) enacted G. L. (Ter. Ed.) c. 231, § 140A, as inserted by

St. 1932, c. 130, § 1, which reads: "A judgment entered by agreement of the parties, the payment of which is secured in whole or in part by a motor vehicle liability bond or a motor vehicle liability policy, both as defined in section thirty-four A of chapter ninety, shall not operate as a bar to an action brought by a defendant in the action in which such judgment was entered, unless such agreement was signed by the defendant in person." If this statute were applicable to the judgment here, then the present action would not be barred because the plaintiff as defendant in the former action did not personally sign the agreement for judgment. But § 140A applies only to a judgment "the payment of which is secured in whole or in part by a motor vehicle liability bond or a motor vehicle liability policy, both as defined in section thirty-four A of chapter ninety." Neither the bond nor the policy defined in § 34A, which is part of the compulsory insurance act, secures the payment of judgments in actions to recover for property damage. See *Opinion of the Justices*, 251 Mass. 569, 603–604. The judgment under consideration was entered in an action for the recovery of property damage; it was therefore not subject to the provisions of § 140A.

*Exceptions overruled.*