DORIS PONTIFF vs. MANUEL P. ALEXANDER, JUNIOR.

Bristol. October 28, 1946. — December 3, 1946.

Present: FIELD, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Res Judicata.*

Neither an agreement for judgment, not filed in court, in settlement of an action for personal injuries sustained in a collision of automobiles, nor a judgment entered upon a discontinuance or nonsuit, but not on the merits, barred on the ground of res judicata maintenance of an action of tort between the same parties for property damage arising out of the same collision.

TORT. Writ in the Third District Court of Bristol dated April 24, 1942.

The case was heard by *Briggs*, J.

*P. Barnet,* for the defendant.

*R. L. Genensky,* for the plaintiff.

SPALDING, J. In this action of tort for property damage the judge found for the plaintiff and declined to make certain rulings requested by the defendant which raised the issue whether the disposition of an action for personal injuries between the parties, which arose out of the same accident, barred as res judicata the present action. This is the only question for decision. From an order of the Appellate Division dismissing the report from the District Court the defendant appealed.

The judge made findings of fact; those material to this appeal may be summarized as follows: An automobile owned and operated by the plaintiff was run into by an automobile operated by the defendant in New Bedford on January 15, 1942. On April 24, 1942, the present action was begun. Later, by a writ dated January 5, 1943, the plaintiff brought, in the same court, a second action against the defendant for personal injuries arising out of the same accident. This latter case was removed to the Superior Court. Sometime in December, 1944, "a settlement between

the parties was reached and agreements for judgment were executed with the understanding by counsel that such agreements be held off record until the first and second[1] cases instigated in April and May, 1942, were settled." On February 5, 1945 (three days before the trial of the present case), counsel for the plaintiff filed with the clerk of the court where the case was pending a discontinuance in the action for personal injuries. On the same day he presented to the court, ex parte, a motion to nonsuit the plaintiff forthwith, and this was allowed.

The judge was right in ruling that the disposition of the case for personal injuries did not bar the present action. It is true, as the defendant argues, that a single cause of action cannot be split and made the basis of several proceedings. *Dearden* v. *Hey*, 304 Mass. 659. *Lawrence* v. *O'Neill*, 317 Mass. 393, 395–396. In the *Dearden* case it was held that a judgment for the plaintiff in an action for property damage caused by negligence of the defendant barred as res judicata a later action against the same defendant for personal injuries sustained in the same accident, since the plaintiff had only one cause of action. Thus there can be no doubt that a judgment rendered on the merits in the personal injury case would be a bar to the present action. And this would be true of a judgment entered pursuant to an agreement of the parties. *Biggio* v. *Magee*, 272 Mass. 185. *Ansara* v. *Regan*, 276 Mass. 586, 589–590. *Macheras* v. *Syrmopoulos*, 319 Mass. 485, 486. But the agreement for judgment in the personal injury case was never filed in court and there is nothing in this record to indicate that the plaintiff violated any obligation owed to the defendant in not filing it. On the contrary it appears that it was to be "held off record" until the present action was settled. It is conceivable that this was done for the express purpose of permitting the plaintiff to proceed in the present action. But however that may be, the fact remains that the agreement was not filed in court, and we must deal with it on that basis. Clearly in these circumstances no judgment ever resulted from it.

---

[1] We infer that this refers to a cross action brought by the defendant in the case at bar.

Whether the case in the Superior Court was disposed of by a judgment on the discontinuance (see *Alpert* v. *Mercury Publishing Co.* 272 Mass. 39, 41) or by a judgment of nonsuit is of no importance, for in either case the judgment, not being on the merits, would not bar the present action. *Bridge* v. *Sumner,* 1 Pick. 371. *Clapp* v. *Thomas,* 5 Allen, 158. *White* v. *New Bedford Cotton Waste Corp.* 178 Mass. 20, 23. *Haskell* v. *Friend,* 196 Mass. 198, 200. *Farnum* v. *Brady,* 269 Mass. 53, 55. Am. Law Inst. Restatement: Judgments, § 53. Freeman on Judgments (5th ed.) § 751.

*Order dismissing report affirmed.*