CHARLES HERALD *vs.* LEON RICH.

Essex.    April 8, 1948. — April 30, 1948.

Present: QUA, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Res Judicata. Judgment. Practice, Civil,* Agreement for judgment.

Under G. L. (Ter. Ed.) c. 231, § 140A, in the form as inserted by St. 1932, c. 130, § 1, an agreement for judgment in an action of tort for both personal injuries and property damage sustained in a collision of automobiles, reciting that the action had been settled, authorizing the entry of judgment for the plaintiff in a certain sum and a further entry of "judgment satisfied," but signed only by the attorneys for the parties and not by the defendant personally, was not a bar to an action subsequently brought by the defendant in the former action against the plaintiff therein for property damage arising out of the same collision.

TORT. Writ in the District Court of Southern Essex dated March 23, 1946.

The action was for property damage alleged to have been sustained in a collision between automobiles of the parties.

Upon removal to the Superior Court, the case was tried before *Sullivan*, J.

In this court the case was submitted on briefs.

*M. Palais*, for the defendant.

*J. J. Valeri*, for the plaintiff.

SPALDING, J.   This is an action of tort in which the plaintiff seeks to recover for damage to his automobile.   The defendant in his answer set up, among other things, the defence of res judicata, in support of which at the trial he sought to introduce the original pleadings (the writ, declaration, answer and agreement for judgment) which had been filed in the same court in another case.   In that case, which was an action of tort arising out of the same accident for which the present action was brought, the plaintiff (defendant here) sought compensation for personal injuries and property damage against Herald (plaintiff here) and Buckless, his servant, who, it is alleged, was driving Herald's automobile at the time of the accident.   In those proceedings the parties filed in court an agreement for judgment, signed by the attorneys, which, after reciting that the case had been settled, authorized the entry of judgment for the plaintiff in the sum of $275 without costs, and a further entry of "Judgment Satisfied."   This agreement was not signed in person by either defendant.   The judge excluded this evidence, subject to the defendant's exception, and the correctness of this ruling presents the only question for decision.

The evidence was rightly excluded.

General Laws (Ter. Ed.) c. 231, § 140A, as inserted by St. 1932, c. 130, § 1, provides that "A judgment entered by agreement of the parties, the payment of which is secured *in whole or in part* by a motor vehicle liability bond or a motor vehicle liability policy, both as defined in section thirty-four A of chapter ninety, shall not operate as a bar to an action brought by a defendant in the action in which such judgment was entered, unless such agreement was signed by the defendant in person" (emphasis supplied).   The sole contention of the defendant is that since the former judgment included property damage § 140A is not appli-

cable and the agreement did not have to be signed by the defendant in person. See now St. 1947, c. 431. [1] The defendant relies on *Macheras* v. *Syrmopoulos*, 319 Mass. 485. But that case is not controlling. There the former judgment entered by agreement of the parties was in an action for property damage only; consequently the agreement did not have to be signed by the defendant personally. But that is not the case here. In the case at bar the former judgment was entered in an action to recover compensation for personal injuries and property damage. It would appear that in these circumstances the judgment was "secured in whole or in part" by a motor vehicle liability bond or policy as defined in § 34A of c. 90, which is a part of the compulsory insurance act. The defendant does not contend here that the defendant in the former action (plaintiff here) was not a person obliged to insure under that act; nor does it appear that that point was raised in the court below. The judgment was therefore subject to the provisions of § 140A and could operate as a bar to a subsequent action only (which is not the case here) if the agreement for judgment was signed in person by the defendant in the former action.

*Exceptions overruled.*

---

[1] Section 140A, as appearing in St. 1947, c. 431, now reads: "In an action to recover damages for injuries to person or property, or for death, or consequential damages, so called, sustained by reason of a motor vehicle accident, a judgment entered by agreement of the parties, without a hearing on the merits, shall not operate as a bar to an action brought by a defendant in the action in which such judgment was entered, unless such agreement was signed by the defendant in person."