AMERICAN VENTURE 594 CORPORATION *vs.* A. RUSSO & SONS,
INC., & another.[1]

No. 10-P-698.

Suffolk. January 13, 2011. - July 13, 2011.

Present: LENK, GRAHAM, & FECTEAU, JJ.[2]

*Zoning,* Person aggrieved. *Contract,* Construction of contract, Settlement
agreement.

In an action brought in the Land Court, the judge did not err in finding that
the plaintiff, a signatory to an agreement imposing restrictions for the
plaintiff's benefit on the defendant's use of a private way over which both
parties held an easement, had a cognizable legal interest in the validity of
those restrictions sufficient to confer standing under G. L. c. 40A [774];
further, the judge did not err in ruling that the agreement was an unambiguous
contract, the provisions of which clearly restricted the defendant's use of
the private way, or in vacating the relief issued in 2007 by a local zoning
board of appeals (board) on the ground that the board erroneously had
found that the restrictions on the defendant's use of the way no longer
obtained [774-776].

CIVIL ACTION commenced in the Land Court Department on
April 13, 2007.

The case was heard by *Gordon H. Piper,* J., on a motion for
summary judgment.

*Donald R. Pinto, Jr.,* for the defendant.

*Edward Rabinovitz* for the plaintiff.

GRAHAM, J. The defendants, A. Russo & Sons, Inc., and Michael
Russo, as trustee of the Olgo A. Russo Real Estate Trust (col-
lectively, Russo), appeal from a Land Court judgment entered
for the plaintiff, American Venture 594 Corporation (Venture).

---

[1]Michael Russo, as trustee of the Olgo A. Russo Real Estate Trust.

[2]Justice Lenk participated in the deliberation on this case while an Associ-
ate Justice of this court, prior to her appointment as an Associate Justice of
the Supreme Judicial Court.

That judgment declared that a 1999 settlement agreement (agreement) between the parties was enforceable, annulled the relief issued in 2007 by the zoning board of appeals of Watertown (board) for Russo because the board erroneously decided the agreement was not effective, and remanded the matter to the board.[3]

On appeal, Russo claims the Land Court judge erred by (a) ruling that the easement restrictions in the agreement were binding upon it indefinitely; (b) vacating the relief issued by the board in 2007, which scrapped those restrictions; and (c) finding that Venture had standing to maintain a G. L. c. 40A, § 17, action. We affirm.

*Facts.* The material facts are not in dispute. At issue are the legal consequences derived from the agreement and the related agreement for judgment. The case, though framed nominally in a zoning context, reduces to a contract dispute about the meaning of the language in these documents.

Venture owns a commercial building on Pleasant Street in Watertown (town), which abuts a narrow private way. That way offers the only means of vehicular access available to Venture and its building tenants to and from Pleasant Street.[4] Russo is engaged in the food grocery business and sells foodstuffs from a facility at 550-570 Pleasant Street. Both Venture and Russo hold an easement to use the private way for travel.

In 1998, after a public hearing, the board issued zoning relief to Russo, allowing it to (a) expand its facility; (b) use its property for wholesale and retail trade; and (c) install improvements to infrastructure elements of its business, including the private way. Venture then filed an action in the Land Court, appealing the board's grant of relief to Russo. Venture claimed its rights as an abutter had been prejudiced in that the increased truck traffic serving Russo's facility would substantially interfere with its (Venture's) shared easement to use the way. While the case

---

[3]Venture's complaint also raised a claim of violation of G. L. c. 93A, which the judge dismissed and which we do not address because Venture did not appeal the dismissal. In any event, the Land Court does not have subject matter jurisdiction over c. 93A claims. See G. L. c. 93A, § 9(1).

[4]Since 1999, other businesses have leased space in Venture's building, largely for garaging their fleets of commercial vehicles that service customers in the various surrounding communities.

was pending, the parties engaged in settlement discussions. With counsel, the parties reached the detailed agreement in order to "resolve each and every difference, claim and dispute existing between themselves" relating, in large part, to Russo's use (and proposed use) of the way. The agreement has a wealth of recitals and pointed provisions bearing the character of a closely negotiated instrument between sophisticated parties.

As is material here, Venture stipulated in the agreement that it would support Russo's application to the board for modification of the disputed zoning approvals, allowing an expansion of its facilities and parking. Among other consideration, Russo agreed its usage of the private way "shall be limited" as detailed in paragraph 3:

> "[Russo] may use the Way for semi-trailer truck traffic use between the hours of 9:00 P.M. and 4:00 A.M. only. [Russo] shall not use the Way for its box truck fleet except for (a) periods when other access routes to or from the [Russo] Property are blocked; or (b) sporadic or occasional use not to exceed five (5) trips per day in or out from the Property."

The land use restrictions in paragraph 3 were for the exclusive benefit of Venture. The parties incorporated the agreement into an agreement for judgment, which was entered in the Land Court action resolving the claims between them.[5]

As had been contemplated by the agreement, Russo submitted another application to the board, and facing no opposition, it obtained the relief sought. The board's decisions granting the relief to Russo were grounded on an express condition, i.e., condition number 13, a product of the negotiated settlement, which provides as follows:

> "[Russo] shall comply with those provisions of a Settlement Agreement entered into with [Venture] in September of 1999 that relate to Russo's use of the private way abut-

---

[5] "[A]n agreement for judgment is a separate and valid contract whereby the parties make a 'free, calculated and deliberate choice to submit to an agreed upon decree rather than seek a more favorable litigated judgment.' " *Kelton Corp.* v. *County of Worcester,* 426 Mass. 355, 359-360 (1997), quoting from *Thibbitts* v. *Crowley,* 405 Mass. 222, 227 (1989).

ting the west side the property. [Russo] shall inform the Zoning Enforcement Officer of any changes in the terms of the Settlement Agreement regarding Russo's use of the private way and/or of any litigation brought concerning the Settlement Agreement or [Russo's] use of the private way."

In June of 2006, Russo filed several petitions to amend its special permits, and for a variance, to expand its operations and facilities. It was Russo's request to the board to remove condition number 13 from existing and future zoning approvals that triggered the current dispute.

Specifically, over a span of months between 2006 and 2007, public hearings were held by the board on Russo's application for zoning relief. Venture's president spoke in opposition. He pointed out to the board that the terms and conditions of the agreement barred the relief sought by Russo's application. The board granted Russo the relief and removed condition number 13 from all approvals.

By its complaint and summary judgment motion, Venture alleged that the restrictions set forth in paragraph 3 were enforceable against Russo indefinitely. This was, Venture argued, consistent with the parties' own stipulation that the agreement be "binding on their successors and assigns," without qualification. Russo held to a view that the limitations of paragraph 3 remained in force only for so long as the related 1999 zoning approvals were in effect; relying on the board's actions in 2007 in allowing zoning relief and removing condition number 13, Russo argued that the limitations of paragraph 3 no longer were enforceable.

On summary judgment, the judge ruled that the agreement was an unambiguous contract, the provisions of which clearly restricted Russo's use of the private way. The judge vacated the zoning relief that issued to Russo in 2007 on the ground that the board erroneously had found that the restrictions on Russo's use of the way no longer obtained.

*Discussion.* Review of a grant of summary judgment is de novo. *Matthews* v. *Ocean Spray Cranberries, Inc.*, 426 Mass. 122, 123 n.1 (1997). The evidence under Mass.R.Civ.P. 56, 365

Mass. 824 (1974), is considered in the light most favorable to Russo. See *Augat, Inc.* v. *Liberty Mut. Ins. Co.*, 410 Mass. 117, 120 (1991). "Questions of law, including the judge's interpretation of the settlement agreement, are afforded plenary review." *Judge Rotenberg Educ. Center, Inc.* v. *Commissioner of the Dept. of Mental Retardation (No. 1)*, 424 Mass. 430, 443 (1997). No deference is afforded to a motion judge's reasoning. *Clean Harbors, Inc.* v. *John Hancock Life Ins. Co.*, 64 Mass. App. Ct. 347, 357 n.9 (2005). Before we turn to the merits, we address the threshold issue whether Venture had standing to maintain an appeal under G. L. c. 40A, § 17, from the 2007 decisions of the board.

A. *Standing*. The judge's finding that Venture had standing under c. 40A[6] was not error. Venture was a signatory to the instrument imposing restrictions on Russo's use of the way, which were for Venture's benefit. And Venture has had, at all times, a cognizable legal interest — an easement — in the same private way. It follows that, by right, Venture "has a cognizable legal interest in the validity of the [use] restriction," and "that is enough to confer standing." *Bortolotti* v. *Hayden*, 449 Mass. 193, 198 (2007). A judge's finding of a party's aggrieved status may not be set aside unless clearly erroneous. *Marashlian* v. *Zoning Bd. of Appeals of Newburyport*, 421 Mass. 719, 721-722 (1996). We decline Russo's invitation to do so. Compare *Kenner* v. *Zoning Bd. of Appeals of Chatham*, 459 Mass. 115, 123-124 (2011).

B. *Agreement*. The terms of the agreement — a contract subject to the usual rules of interpretation — are unambiguous.[7] See

---

[6]Only a person "aggrieved" may obtain zoning relief through the administrative and judicial appeal process. G. L. c. 40A, §§ 8, 17. See *Marashlian* v. *Zoning Bd. of Appeals of Newburyport*, 421 Mass. 719, 721 (1996); *Chongris* v. *Board of Appeals of Andover*, 17 Mass. App. Ct. 999, 1000 (1984). A party must offer evidence demonstrating a "plausible claim of a definite violation of a private right, a private property interest, or a private legal interest." *Harvard Square Defense Fund, Inc.* v. *Planning Bd. of Cambridge*, 27 Mass. App. Ct. 491, 493 (1989).

[7]The language employed therein does not raise a triable issue as to meaning for which reasonable minds might differ. See *Suffolk Constr. Co.* v. *Lanco Scaffolding Co.*, 47 Mass. App. Ct. 726, 729 (1999) (language ambiguous if facially inconsistent or capable of supporting reasonable difference of opinion as to meaning of words employed and obligations undertaken).

*Warner Ins. Co.* v. *Commissioner of Ins.*, 406 Mass. 354, 360-361 & n.7 (1990). Free from ambiguity, the words of the agreement, like any other contract, must be given their usual and ordinary meaning. See *Hakim* v. *Massachusetts Insurers' Insolvency Fund*, 424 Mass. 275, 281 (1997); *Fried* v. *Fried*, 5 Mass. App. Ct. 660, 663 (1977). The agreement must be interpreted "in a manner to give effect to the chief design to be accomplished by the instrument" and in accord with what the parties fairly may be presumed to have intended. *Clark* v. *State St. Trust Co.*, 270 Mass. 140, 152-153 (1930). See *Kerrigan* v. *Boston*, 361 Mass. 24, 33 (1972). That the parties differ as to its meaning does not cause the agreement to be ambiguous. *Jefferson Ins. Co.* v. *Holyoke*, 23 Mass. App. Ct. 472, 475 (1987).

The interpretation advanced by Russo that the use restrictions in paragraph 3 are not enforceable cannot be sustained.[8] Only one reasonable or plausible interpretation of the agreement can be maintained, i.e., that the restrictions in paragraph 3 remain enforceable against Russo.[9] Compare *Trustees of Tufts Univ.* v. *Commercial Union Ins. Co.*, 415 Mass. 844, 849 (1993). At

---

[8]Cf. *Rufo* v. *Inmates of Suffolk County Jail*, 502 U.S. 367 (1992). In *Rufo*, the United States Supreme Court ruled that a party who seeks to modify an otherwise valid consent decree must show both "a significant change in circumstances" as to the facts or governing law, which would warrant a revision of the decree, *and* that the "proposed modification is suitably tailored" to the changed circumstances. *Id.* at 383-384. No showing has been made of a frustration of purpose or unforeseen change of circumstances that might provide a basis for relief along the line requested by Russo.

[9]"The obligation between those who hold separate or common easements over the same land is that they act reasonably in the exercise of their privileges so as not to interfere unreasonably with the rights of other easement holders." *Cannata* v. *Berkshire Natural Resources Council, Inc.*, 73 Mass. App. Ct. 789, 797 (2009). See generally Restatement (Third) of Property (Servitudes) § 4.12 (2000). Russo admits that, should the agreement be declared not legally enforceable, it will use the private way for both semi-trailer and box truck access, to and from its site at all times, contrary to the express restriction set forth in paragraph 3. Such a result, Venture alleges, will adversely impact the market value of leased space within its own building, due to a marked increase in truck traffic on the way.

The parties make little mention of the preclusive effect of their agreement for judgment, but they "are as much bound by the legal effect of the judgment as if it were the outcome which a court would have reached had the issues disclosed by the pleadings been fully tried and decided." *Ansara* v. *Regan*, 276 Mass. 586, 589 (1931). See *Macheras* v. *Syrmopoulos*, 319 Mass. 485, 486 (1946). In this subsequent dispute between the very same parties,

variance from the judge, who implicitly held that the restrictions of paragraph 3 were binding in perpetuity, we need not determine the agreement's duration. It is enough for us to say the agreement was in effect at the time the board issued zoning relief to Russo in 2007. In so deciding, we respect the pragmatic bargain struck by the parties and do not "undertake to be wiser than" them. *Guerin* v. *Stacy*, 175 Mass. 595, 597 (1900).

*Judgment affirmed.*

---

involving their common easement in the same way, it has not been shown why the agreement for judgment is not conclusively binding on them so that it is res judicata as to the claims raised herein. See Mass.R.Civ.P. 58, as amended, 371 Mass. 908 (1977). The board could not modify or eliminate the terms of an agreement for judgment, as it did here, albeit indirectly by the issuance of zoning relief to Russo.