JOHN E. BARRY & others, trustees, *vs.* ETHEL A. DOW.

Suffolk.   February 27, 1922. — February 28, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Mortgage,* Of real estate: compensation for services of mortgagee in possession.

There is no fixed rule of law limiting the compensation to which a mortgagee in possession of real estate may be entitled for his services in the care and management of the mortgaged premises.

In a suit in equity to redeem real estate from a mortgage, a master found that the mortgagee was in possession and, among other things, had collected gross rentals amounting to $10,871, that there was no express "agreement as to the amount to be paid for the mortgagee's services, and that he was entitled to $825 for his services "in the care and management of the property making leases and collecting" rents. The plaintiff excepted to a refusal of the master to rule that the defendant was not entitled to an allowance for services in a sum greater than five per cent of the gross rentals and to the finding that he was entitled to $825 therefor. *Held,* that no reason appeared for disturbing the master's finding.

BILL IN EQUITY, filed in the Superior Court on April 20, 1920, by the plaintiffs as Trustees of the Greater Boston Realty Trust, seeking to redeem certain real estate from a mortgage which the defendant had entered to foreclose.

In the Superior Court, the suit was referred to a master. It appeared that, while the defendant had possession of the premises in question, she collected rents in the amount of $10,871, and at the hearing before the master she contended that she should be allowed, and that the plaintiffs should be charged, with $652.26 as "agent's commission for care and management of the estate, being at the rate of six per cent upon rents collected," and with $513.60, "agent's commission for making leases which reserve rents in the total of $10,272, the charge being five per cent upon that amount." As to these contentions of the defendant the master found as follows:

"I find that . . . the defendant, acting through her agent, has managed the property to the advantage of all interested parties since March 12, 1920, and I rule, if it is the master's duty so to do, that if the plaintiffs wish to retain their equity in the property,

whether by setting aside the foreclosure proceedings or otherwise, they must pay reasonable compensation to the defendant for the prudent and successful management which she has exercised. I find that there was no express agreement as to the amount to be paid for said services. Upon all the evidence I find that the defendant is entitled to $825 for her services in the care and management of the property, making leases and collecting rents."

The plaintiffs requested the master to rule that "on the evi-. dence no more than five per cent of the gross amount of rentals received can be charged for all collections and management, including effecting leases and making disbursements." The request was refused. The plaintiffs filed objections and exceptions to such refusal and to "the finding of the master that for the management of the property in the ways found by him as facts the sum of $825 is reasonable to allow the defendant therefor."

The exceptions were heard by *Sisk*, J., by whose order there were entered an interlocutory decree sustaining an exception not now material, overruling the exceptions above described and confirming the report as thus modified, and a final decree permitting the plaintiff to redeem on payment to the defendant of $21,149.10 and interest and costs. The plaintiffs appealed.

The case was submitted on briefs.

*B. Wyman*, for the plaintiffs.

*F. W. Dallinger, H. N. Stearns & J. L. Edwards*, for the defendant.

BY THE COURT. This suit in equity as it now stands is an action for accounting in the nature of a bill to redeem against a mortgagee in possession of real estate. The single contention made now by the plaintiffs is that there are no facts which warrant the allowance of any sum larger than the five per cent on the rents collected by the mortgagee while in possession. The rule of law governing this subject was stated in *Adams* v. *Brown*, 7 Cush. 220, at page 222, in these words: "In many cases, a commission of five per cent on the rents received would be wholly inadequate, while in other cases, it might be a very liberal compensation. Each case in this respect must depend on its own peculiar circumstances. *Cazenove* v. *Cutler*, 4 Met. 246. As the master has found the services of the defendant in this case to have been worth more than he felt at liberty to allow, this excep-

tion to the report is sustained, and the case is to be recommitted to the master, with directions to allow the defendant such further sum as he may think just and reasonable." That rule has been constantly followed. The usual allowance is indeed five per cent. That will be adopted unless the master finds that the services were actually worth more but that is not an inflexible percentage. *Gerrish* v. *Black,* 104 Mass. 400, 403. *Montague* v. *Boston & Albany Railroad,* 124 Mass. 242, 247. *Brown* v. *South Boston Savings Bank,* 148 Mass. 300. See *Clark* v. *Story,* 208 Mass. 36, 40. No reason appears in the case at bar for disturbing the master's finding for a larger amount.

*Decree affirmed with costs.*