JOHN E. BARRY & others, trustees, *vs.* FRANK S. HARLOW.

Suffolk. May 17, 1922. — June 28, 1922.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Mortgage,* Of real estate: foreclosure, redemption. *Equity Jurisdiction,* For redemption from mortgage. *Equity Pleading and Practice,* Decree, Costs.

Where, in a suit in equity for the redemption of real estate from a second mortgage, it appeared that the defendant mortgagee had taken possession of the premises for the purpose of foreclosure and that the parties had entered into a stipulation that the defendant as mortgagee in possession should for a period of sixty days collect the rents and apply them (1) to payment of taxes and other ordinary carrying charges, (2) to the payment of interest on the first mortgage and on account of its principal so far as due, and (3) to the payment of interest on the second mortgage and on account of its principal so far as due, such stipulation neither expressly nor by fair implication prevented the defendant as mortgagee in possession from receiving reasonable compensation for his services in collecting the rents and making disbursements.

A mortgagee in possession ordinarily is entitled to fair pay for his services in managing the property.

In a suit of the character above described, the amount to be allowed to the defendant for his services while in possession of the real estate is not as a matter of law restricted to five per cent of the gross amount of money received by him; but the value of the services should be ascertained as a fact in the circumstances of the case.

It is proper, in a suit in equity of the character above described, to allow to the defendant fees paid to an attorney for services in connection with the fore-

closure proceedings and interest upon advancements made by him for the payment of interest on a prior mortgage.

If costs are allowed in a final decree in a suit in equity, the decree should state the exact amount at which they are fixed.

BILL IN EQUITY, filed in the Superior Court on March 22, 1920, to redeem certain premises on Chauncy Street in Cambridge from a mortgage.

In the Superior Court, the suit was referred to a master. Findings of the master relating to fees of attorneys of the defendant and interest on certain advances made by the defendant were as follows:

"The defendant also claims $532.84 for the services of his attorneys in connection with the foreclosure proceedings and the subsequent litigation, and for cash ($7.84) paid. These services, which extend over the entire period, include conferences with the defendant and with others, attendance at the mortgage sale and the adjournments thereof, drawing answer to the plaintiff's bill in equity, and acting as attorney in these proceedings, examination of the proceedings in bankruptcy against Richard C. Cox, conferences with his receiver and trustee in bankruptcy, conferences with attorneys representing plaintiffs or Cox, and correspondence with various parties. If the services rendered by said counsel during the said period and in connection with all the matters which arose out of the foreclosure, and the litigation and the bankruptcy proceedings are a proper basis for the defendant's claim, then I find that the defendant is entitled to $357.84 on this item of his claim. If the defendant is not entitled to claim for his attorneys' services rendered in the litigation or in the bankruptcy proceedings but only for services in advising defendant concerning his rights under his second mortgage, and attending to the entry thereunder and to the foreclosure sale and the adjournments thereof, then I find that he is entitled to $157.84 on this item of his claim. . . .

"I find that on or about February 25, 1920, the defendant advanced funds of his own and paid the bank the overdue interest on the first mortgage and also paid the overdue quarterly payments of July and October 1919, and that the defendant afterwards repaid these amounts to himself after he had collected rents sufficient for that purpose. I rule that he is entitled to

interest on these advances from the time he made them until he repaid himself, and I find that the amount to which he is entitled as such interest is $19.35."

Other material findings by the master are described in the opinion. The plaintiffs objected and excepted to the master's report on the following grounds:

1 and 2. To the ruling of the master that the stipulations did not ᴄprevent the defendant from being allowed compensation for his services, and that such services might be allowed for irrespective of such stipulations.

3. To the finding of the master that the defendant was entitled to $1,525 "or any other sum" for such services.

4. To the finding of the master whereby any attorney's fee or part thereof is or may be allowed.

5. To the ruling and finding whereby any interest might be or was allowed to the defendant.

6. To the ruling and finding whereby any allowance for sheriff's fees might be or was allowed.

The suit then was heard by *Sanderson,* J., by whose order there was entered an interlocutory decree overruling the plaintiffs' exceptions to the master's report and confirming the report except that the allowance to the defendant for attorney's fees was placed at $157.84. By order of *Sisk,* J., a final decree was entered entitling the plaintiffs to redeem on the paying, on or before October 31, 1921, of $19,926 with interest at six per ᵓcent from the date of the decree, "together with defendant's costs taxed at        ." The plaintiffs appealed.

In this court, parties stipulated that the principal sum stated in the final decree was understood to have been $32,921.65 instead of $19,926.

The case was submitted on briefs.

*B. Wyman,* for the plaintiffs.

*F. W. Dallinger, H. N. Stearns & J. L. Edwards,* for the defendant.

Rᴜɢɢ, C.J.   This is a suit in equity to redeem real estate from a mortgage to the defendant. From a decree in their favor the plaintiffs appealed. The only questions argued by the plaintiffs relate to certain items in the accounting stated by the master, to whom the case was referred.

On February 25, 1920, the defendant took possession of the premises for the purpose of foreclosing his mortgage. After this suit was instituted, it was stipulated between the parties thereto that the defendant as mortgagee in possession should for a period of sixty days collect the rents and apply them (1) to payment of taxes and other ordinary carrying charges, (2) to the payment of interest on the first mortgage and on account of its principal so far as due, and (3) to the payment of interest on the second mortgage and on account of its principal so far as due. That stipulation does not either expressly or by fair implication prevent the defendant as mortgagee in possession from receiving reasonable compensation for his services in collecting the rents and making disbursements. A mortgagee in possession ordinarily is entitled to fair pay for his services in managing the property. . There is nothing in the words or in the circumstances attending the filing of the stipulation to overcome the effect of this general rule.

The amount allowed by the master for services, although in excess of five per cent, was not erroneous in law. *Barry* v. *Dow,* 240 Mass. 419, and cases there collected.

The report of the master as to allowance to the defendant of attorney's fees in connection with the foreclosure and of interest on payments advanced by him was right.

The parties have filed an agreement to the effect that there was a mistake in the amount stated to be due to the defendant in the final decree, and that the amount should have been $32,921.65, with interest from October 27, 1921. The amount of the defendant's costs was not stated in the decree. That was wrong in form. The aggregate of costs should be specified in a decree in equity. *Stevens* v. *Rockport Granite Co.* 216 Mass. 486, 494. *Rubenstein* v. *Lottow,* 220 Mass. 156, 161, 162. The costs of this appeal are to be added. When thus corrected, the decree may be affirmed.

*So ordered.*