SAMUEL DAVIDSON *vs.* MAX· J. ZIEMAN & another.

Suffolk.    March 14, 1933. — June 29, 1933.

Present: RUGG, C.J., WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Mortgage,* of real estate: foreclosure.    *Agency,* Agent's duty of fidelity. *Equity Jurisdiction,* Accounting.    *Equity Pleading and Practice,* Decree, Appeal.

A member of a partnership, plaintiff in a suit in equity, alleged in the bill that the defendant, an attorney at law, was acting in a dual capacity as attorney for the plaintiff "and as partner or mortgagee," and in that dual capacity had overreached the plaintiff by purchasing for himself a parcel of land as to which he was employed to act for the plaintiff as attorney; and prayed for an accounting and for the cancellation of a mortgage held by the defendant. There was in the bill no offer to redeem and no prayer for redemption. From findings by a master, it appeared that the partnership had made an offer to purchase a parcel of land, which had been refused, and that later the defendant had purchased it at a higher price, had sold a part to a third person and a part to the plaintiff's partnership, the total sale prices resulting in a net profit to the defendant. The master reported that he was "unable to find that knowledge of said transaction . . . came to the said defendant from the plaintiff," and in the accounting he did not allow the partnership such profit. He stated an account as to a mortgage of the partnership held by the defendant, and left to the decision of. the court the question, whether an allowance of five per cent of rents, collected by the defendant after he had entered to foreclose the mortgage, could properly be made to the defendant for the care of the mortgaged property. After confirmation of the master's report, a decree dismissing the bill was entered. The plaintiff appealed. *Held,* that

(1) The master was justified in not allowing the partnership the item of profit gained by the defendant in the purchase and sales of land;

(2) An allowance to the defendant of five per cent of rents collected by him after entry to foreclose was proper;

(3) While no specific prayer for relief could have been granted upon the facts found, the final decree, because of the effort which had been put into the accounting, should be modified by inserting in the ordering part of the decree a declaration stating and adjudicating the account as to the mortgage in the sum and as of the date stated by the master; but it was not necessary in the circumstances to bring the account down to the date of the new final decree, as would be proper if specific relief were to be founded upon the accounting.

BILL IN EQUITY, filed in the Superior Court on March 5, 1931, and afterwards amended, as stated in the opinion.

The suit was referred to a master. Material findings by the master are stated in the opinion.

The allegations and prayer of the amended bill were "that from February, 1928, to February, 1931, the defendant, Max J. Zieman, was acting in a dual capacity as attorney for plaintiff and as partner or mortgagee, although he well knew he had no right so to do, and took advantage of and imposed on the plaintiff throughout the transaction, charged and collected large sums of money as legal fees not due him, charged large bonuses and unconscionable fees without authority and without the knowledge of plaintiff, charged and collected large sums of money as attorney though not authorized or due, and though acting in such dual capacity, and charged interest on money not advanced, as well as extortionate rates for money advanced, charged for work not performed or carelessly performed, and if acting as mortgagee never advanced the money actually due under the several mortgages taken by him, and having been informed by plaintiff of a lot of land which the plaintiff proposed to buy, and which plaintiff asked him to inspect and finance and advise upon as lawyer and adviser, went out and bought it and sold it for $12,000 profit which equitably belongs to the plaintiff, and as a result thereof, he has moneys which in equity and good conscience belongs to the plaintiff, which is sought to be recovered herein. That he has collected $2,000 from the Cambridgeport Bank, which he has concealed and retained, and has otherwise imposed on plaintiff to his damage.

"Wherefore he further prays . . . That an accounting be had between himself and the defendant, Max L. Zieman, and that said Zieman be required to refund and return all fees, interest and other moneys improperly received, retained or collected by him as fiduciary or improperly received and retained as mortgagee, which moneys aggregate an amount something in excess of $20,000, and that the $20,500 mortgage be ordered delivered up for discharge and cancellation and possession of the property restored to the plaintiff, together with such sums of money as

the . . . court shall find due the plaintiff from the defendant."

After hearing by *Goldberg, J.,* an interlocutory decree overruling exceptions by the plaintiff to and confirming the master's report, and a final decree dismissing the bill were entered. The plaintiff appealed from the final decree.

*J. H. Morris,* for the plaintiff.

*S. T. Lakson,* (*M. D. H. Schon* with him,) for the defendants.

LUMMUS, J. The plaintiff alleges in his bill that he and the defendants were partners in a building enterprise, and asks for an accounting and for the cancellation of mortgages held by Max J. Zieman, one of the partners. The defendant Max Zieman admitted being in partnership with the plaintiff, but the defendant Max J. Zieman denied it, and contended that he was simply a mortgagee of premises owned by the partnership. The finding of the master that Max J. Zieman is only a mortgagee and not a partner disposes of the ground of the original bill as against Max J. Zieman, and the plaintiff does not argue that the bill ought to be retained for the purpose of obtaining an accounting against Max Zieman.

By an amendment to the bill, allowed during the hearings before the master, the plaintiff alleged that the defendant Max J. Zieman was acting in a dual capacity as attorney for the plaintiff and as mortgagee, and in that dual capacity overreached the plaintiff by making unconscionable charges and also by purchasing a parcel of land for himself as to which he was acting for the plaintiff as attorney, and prayed for an accounting against Max J. Zieman alone, and for the cancellation of a mortgage for $20,500 held by him.

The master found that "The defendant Max J. Zieman is an attorney at law . . . and was at all times counsel for the plaintiff and counsel for himself in the matters referred to in the instant bill." The master found that about the middle of September, 1928, the partnership offered one Newman $30,000 for a large parcel of land on Seaver and Brookledge streets in the Roxbury district, and

the offer was refused. Shortly before October 17, 1928, the defendant Max J. Zieman began negotiations for its purchase for himself, and on that day he bought it for $33,500. Almost at once he sold the Seaver Street part of the parcel for $24,000, and sold the Brookledge Street part to the partnership for $17,400, thus making a profit of $7,900. The plaintiff claims that profit for the partnership. But the master reports that he is "unable to find that knowledge of said transaction . . . came to the said defendant from the plaintiff." Apparently he does not find that the defendant Max J. Zieman knew that the partnership had been interested in the purchase of the parcel. It is to be noticed that the plaintiff must have known of the conduct of Max J. Zieman, whatever it was, at the time the partnership agreed to buy the Brookledge Street part from him, and during their many subsequent transactions, and so far as appears the plaintiff did not see any cause to complain until the filing of this bill more than two years afterwards. The plaintiff could not have supposed that the defendant Max J. Zieman was acting solely as counsel, for his principal function was to finance the enterprises of the partnership as mortgagee. We think that the master was justified in not allowing the partnership the profit of $7,900.

After complicated transactions, the upshot of the matter is that Max J. Zieman holds only a blanket mortgage written for $20,500 given by the partnership to him, covering three parcels. As to one parcel it is a third mortgage, and as to the others a second mortgage. Although there is no offer to redeem and no prayer for redemption, the master has made a careful accounting, and has determined the amount due as of March 31, 1932. He left to the decision of the court the question whether an allowance of five per cent of the rents collected could properly be made to the mortgagee for the care of the mortgaged property after the entry to foreclose. Plainly that allowance is proper and customary. *Barry* v. *Dow*, 240 Mass. 419. *Barry* v. *Harlow*, 242 Mass. 159, 162. The amount due to the defendant Max J. Zieman under the blanket mortgage,

computed to March 31, 1932, is $17,984.75 according to the master's report, which shows no error on its face and which cannot be revised as to other possible errors in the absence of the evidence.

After the confirmation of the master's report, a decree dismissing the bill was entered. The plaintiff appealed. It is true that no specific prayer for relief could have been granted upon the facts found. Simply to dismiss the bill, however, would waste all the effort that has been put into the accounting, and we think that the final decree should be modified by inserting in the ordering part of the decree a declaration stating and adjudicating the account as of March 31, 1932. *Goodman* v. *Goldman*, 265 Mass. 85. *Knowlton* v. *Swampscott*, 280 Mass. 69, 72, 73. *Winick* v. *Padovani, ante,* 126. We do not think it necessary in this case to bring the account down to the date of the new final decree, as would be proper if specific relief were to be founded upon the accounting. *Isam Mitchell & Co. Inc.* v. *Norwach*, 260 Mass. 33, 37. *Rudnick* v. *Rudnick*, 281 Mass. 205, 208. With that modification, the final decree is affirmed with costs.

*Ordered accordingly.*