ARNALDO DIMANNO *vs.* DANIEL G. DIMANNO.

Suffolk. November 4, 1954. — June 16, 1955.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Accounting. Evidence,* Conflicting statements of witness. *Equity Pleading and Practice,* Decree, Suit for accounting.

In a suit in equity to wind up the affairs of a real estate trust in which only the plaintiff and the defendant were interested and for an accounting, it was not material whether the trust had been terminated on a date stated in the final decree or on a date two years later where it appeared that the affairs of the trust were brought down to the approximate date of the final decree. [710]

A finding in accordance with certain testimony by a party was not precluded by conflicting testimony also given by him if he did not finally adopt the conflicting testimony as the truth. [711]

In a final decree stating an accounting in a suit brought for that purpose, there was error in a further provision of the decree dismissing the bill and a counterclaim. [711–712]

BILL IN EQUITY, filed in the Superior Court on June 6, 1950.

The suit was heard by *Forte, J.*

*Gordon Needleman,* for the plaintiff.

*Vanda C. Anselmo & Thomas A. Brett,* for the defendant, submitted a brief.

RONAN, J. This is an appeal by the plaintiff from a final decree entered in a suit for an accounting against his two brothers Daniel and John, all three having executed an agreement in the form of a trust to conduct the business of buying, developing, and selling real estate. The bill was dismissed as to John as it appeared that he had assigned his interest to Daniel.

No one now has any interest in terminating the trust other than Daniel and the plaintiff. Daniel acting for the trust purchased, remodelled, and sold the premises at 61 Mountfort Street in Boston, and also acquired a tract of land in West Roxbury which he divided into twenty-eight lots, ten of which were lost by a foreclosure of a mortgage, one was conveyed to the plaintiff, the defendant built a house on another, and a few were transferred to other persons, leaving twelve lots unsold and standing in the name of Daniel but included in the trust property.

The plaintiff contends that the trust did not terminate as of May 1, 1949, as stated in the final decree. To be sure the trust was not terminated in accordance with its terms, which provided that the trust was to continue for fifteen years or be terminated sooner if the owners of seventy-five per cent of the beneficial interest should in writing "request the trustees to bring the trust to an end." The three brothers were the settlors, trustees, and beneficiaries. On motion of the plaintiff the bill was dismissed against the defendant John. The only persons then interested in the trust were Arnaldo and Daniel. Whether the trust was terminated on May 1, 1949, or on May 4, 1951, as the plaintiff contends, was not material because there remained the winding up of its affairs which was the purpose for which the bill was brought. The situation was analogous to that where a partnership is dissolved and proceeds are held for the purpose of winding it up. In the next place, as shown by the recitals in the final decree, the affairs of the trust were brought down to the approximate date of the final decree.

The second contention of the plaintiff is that the advances stated in the final decree and credited to Arnaldo in the sum

of $1,921.32 should be increased to $2,121.32 while those credited in the decree to Daniel as $3,556.02 should be reduced to $1,428.85. Whatever records were kept of the trust transactions were kept by Daniel and consisted principally of checks, the notations on check stubs, and a few bills. He was an architect and engineer and not a bookkeeper. His honesty is not questioned. The plaintiff was a steam fitter. Both parties contributed labor and the defendant much more than the plaintiff. There was oral testimony that there should be deducted from the amount of Arnaldo's advancement to the trust various credits, leaving a balance of $1,921.32 due him. This was shown by the amount of the trial balance prepared by the accountant. The same trial balance showed that Daniel was credited with the amount of $3,556.02. The judge in both instances found the balances due to the parties in the amounts last named, but we think there was an error in not deducting $727.17 which clearly appears from the report of the accountant should be deducted from the net advance made by Daniel so that the figure $2,828.85 should be substituted for $3,556.02.

Another contention of the plaintiff is that the final decree was wrong in stating that the remaining property of the trust consists of twelve lots instead of thirteen. The judge could accept as true that portion of the testimony of the defendant to the effect that all that remains is twelve lots, and reject such portions as pointed in an opposite direction. At most it was an instance of conflicting evidence and not one where a witness finally adopts as true a definite version of his testimony as in *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405, and similar decisions, upon which the plaintiff relies. The evidence here does not come within the principle of those cases. *Fitzgerald* v. *McClymont*, 314 Mass. 497, 499. *Koleshinski* v. *David*, 328 Mass. 276, 278.

The third paragraph of the final decree should be changed by substituting the figure $2,828.85 for $3,556.02 and by striking out the tenth paragraph dismissing the bill and counterclaim. To dismiss the bill would leave the parties

in the same situation in which they were before the bill was filed. In a suit for an accounting both parties are actors in a sense, and the decree should state and adjudicate the account and show the balance due from one party to the other and, where necessary, should provide for the conversion of the trust property into cash and fix the shares of those entitled to participate in its distribution. *Davidson* v. *Zieman*, 283 Mass. 492. *Chopelas* v. *Chopelas*, 303 Mass. 33. *Milbank* v. *J. C. Littlefield, Inc.* 310 Mass. 55. *Markus* v. *Markus*, 331 Mass. 394.

It follows that the final decree is to be modified and as modified must be affirmed.

*So ordered.*