GEORGE V. KACOURIS *vs.* MINAS LOUKAS & others[2]
(and two companion cases[3]).

Suffolk.    May 4, 1955. — July 6, 1955.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Practice, Civil*, Agreement for judgment, Entry of judgment, Time of judgment, Waiver. *Equity Pleading and Practice*, Amendment. *Waiver. Interest. Mortgage*, Of real estate: foreclosure, accounting after foreclosure.

An action as matter of law went to judgment under Rule 79 of the Superior Court (1932) on a date when an agreement for the entry of judgment signed by all the interested parties was filed with the clerk of the court, and entry of judgment on the docket on that date in accordance with the agreement was correct; and a subsequent motion to strike the agreement from the record and action by a judge on the motion were nullities. [48–49]

[2] Jacob Friedberg and Gertrude Bernstein.

[3] The companion cases are by George V. Kacouris against Joseph Bellantoni, Quincy Savings Bank, and Minas Loukas; and by Zucio A. Rothenberg, trustee, against George V. Kacouris.

The filing in an action in the Superior Court of an agreement for the entry of judgment signed by all the interested parties was a waiver of all exceptions and appeals, and the period permitted for filing exceptions and appeals was not to be taken into account in determining the date upon which the action went to judgment. [49]

No error was shown in the denial by a judge in a suit in equity of a petition by a defendant for leave to file a supplementary answer which was in effect a motion to amend his answer. [49]

There was no error in a decree in a suit in equity that a mortgagee of real estate accountable for surplus proceeds of a sale in foreclosure of the mortgage was liable for interest on such proceeds at the rate of six per cent per annum from the date of sale, although he did not know to whom such proceeds were payable. [49-50]

A member of the bar, a mortgagee of real estate under a mortgage providing that "In case of a foreclosure sale, the holder hereof shall be entitled to retain one per centum of the purchase money in addition to all costs, attorney's fees, charges and expenses" was entitled, after a foreclosure sale, to retain from the proceeds fair compensation for his legal services in acting as his own attorney in foreclosing his mortgage and for his personal services in managing and caring for the mortgaged property while he was in possession under an entry. [50-51]

THREE BILLS IN EQUITY, filed in the Superior Court on June 21, 1951, October 1, 1951, and August 15, 1951, respectively.

The suits were heard by *Fairhurst,* J.

*M. Elizabeth Foley,* for George V. Kacouris.

*Samuel B. Mannos,* (*Samuel E. Kaufman & Melvin Ravech* with him,) for Jacob Friedberg and another.

COUNIHAN, J. On March 29, 1948, George V. Kacouris brought a tort action against Minas Loukas in the Superior Court for Suffolk County and then, or thereafter by special precept, made valid attachments of the real estate of said Loukas in Suffolk and Norfolk counties.

On April 10, 1951, there was filed in the office of the clerk of court for Suffolk County an agreement for judgment in the tort action signed by all the interested parties which read, omitting the title of the case and the signatures of the parties, as follows: "Agreement for Judgment In the above entitled action it is hereby agreed by and between the parties that the entry may be made: 'Judgment for the Plaintiff in the sum of Fourteen thousand five hundred dollars ($14,500) without costs,' and that the further entry may be

made: 'Execution may issue on or after March 20, 1951.'"
On the same day, which was a Tuesday, the clerk of court
or one of his assistant clerks made the following entry on
the docket of that case: "Judgment for plaintiff in the sum
of $14,500 without costs and execution issued after March 20,
1951, by agreement." On April 12, 1951, a Thursday, the
defendant Loukas filed a motion to strike from the record
the agreement for judgment filed on April 10, 1951, and to
restore said action to the jury list for speedy trial. This
motion was denied by a judge on May 3, 1951, a Thursday,
and this action was noted on the docket. The clerk there-
after, allowing three days, exclusive of Sunday, for filing a
claim of exceptions, and twenty days for filing exceptions
or a claim of appeal from the order of the judge denying the
motion, on May 28, 1951, made the following entry on the
docket: "Judgment for plaintiff Damages $14,500. Costs,
none Execution issued May 29, 1951." See G. L. (Ter. Ed.)
c. 231, §§ 96, 113; c. 235, § 1.

Between the entry of the tort action and the filing of the
agreement for judgment several mortgagees foreclosed real
estate mortgages which they had held on the real estate of
said Loukas before the attachments by mesne process of
Kacouris, with the result that there were in the hands of
these several mortgagees surplus proceeds after the fore-
closure sales.

On June 21, 1951, Kacouris brought the first of these
suits to reach and apply the surplus proceeds of the fore-
closure sales in the hands of Mr. Friedberg and Bernstein.
On October 1, 1951, Kacouris brought the second of these
suits to reach and apply the surplus proceeds of a fore-
closure sale in the hands of the Quincy Savings Bank. In
this suit the bill alleges that within thirty days from the
date of judgment, May 28, 1951, Kacouris preserved his
attachment by levying on his execution. In the third suit
Zucio A. Rothenberg, trustee, seeks to restrain Kacouris
from levying on execution on certain real estate upon which
Rothenberg as trustee holds a mortgage, and a decree that
he is the holder of a valid mortgage free from any attach-

ments made by Kacouris on the real estate described in said mortgage. In the first and second suits Kacouris appealed from final decrees declaring that he has no interest, legal or equitable, in the surplus proceeds of any foreclosure sale. These decrees also ordered payment of certain sums of money to four intervening creditors who were allowed to file claims in those suits to the surplus proceeds in the hands of Mr. Friedberg, Bernstein and the Quincy Savings Bank, and to others. The final decree in the third suit, from which Kacouris also appealed, declared that "George V. Kacouris has no lien, legal or equitable on the mortgaged premises" referred to in that suit and that "the attempted levy of execution on the mortgaged premises of June 22, 1951, . . . is void and of no effect."

Mr. Friedberg appealed from the final decree in the first suit and also from the denial of his petition for leave to file a supplemental answer in that suit. No appeal was taken by any other of the parties to any of these suits or by any of the intervening creditors.

### The Kacouris Appeals.

The sole question for us to determine on these appeals is whether the attachments by mesne process made by Kacouris on the real estate of said Loukas were in existence and valid when these present suits were entered. This depends upon when the tort action of Kacouris *v.* Loukas, in which these attachments by mesne process were made, should have as matter of law gone to judgment. The judge ruled that Kacouris had lost his attachments because he failed to levy on them within thirty days of judgment and that these bills to reach and apply were not filed within thirty days after judgment nor were they based on any attachment preserved by a seasonable execution levy.

The evidence is not reported but in each suit the judge filed a "Memorandum of Decision, Including Finding of Facts, Rulings of Law and Order for Decree." The facts hereinbefore recited by us are embodied in the findings of facts of the judge.

The judge ruled that the case became ripe for judgment on May 8, 1951, and that thereafter on the Monday of the week following, namely, May 14, 1951, judgment for the plaintiff should have been entered as matter of law. He further ruled, "The earlier, unauthorized entry of judgment by the Clerk on April 10, 1951, and the failure [of the clerk] to enter judgment on May 14, 1951, and the unauthorized entry of judgment on May 28, 1951, did not affect the rights of the parties." "Since legally the judgment of the plaintiff was entered on May 14, 1951, his rights depend on an execution levy or the filing of a bill in equity within thirty days thereafter." He further ruled that "Since the seizure was not made within thirty days of judgment the attachments were lost."

We are of opinion that because of what shall hereinafter appear the decision of the judge was correct although the ground for it may have been unsound. *Weidman* v. *Weidman*, 274 Mass. 118, 125. *Rathgeber* v. *Kelley*, 299 Mass. 444, 446. *Bianco* v. *Lay*, 313 Mass. 444, 450.

We are of opinion that the tort action as matter of law went to judgment on April 10, 1951, when the agreement for judgment was filed, and that the entry on the docket on that day was correct. It follows that all entries on the docket which follow it are immaterial and void. The acceptance of the motion to strike the agreement from the record was a nullity and the action of the judge on such motion is meaningless. If the defendant had any rights he should have perfected them by a petition to vacate the judgment or pursued some other statutory remedy. *Amory* v. *Assessors of Boston*, 309 Mass. 162, 163.

The pertinent statute is G. L. (Ter. Ed.) c. 235, § 1, which reads in part, "Judgments in civil actions and proceedings ripe for judgment in the superior court shall, unless the court by general or special order otherwise orders, be entered by the clerk at ten o'clock in the forenoon on the first Monday of each month, or on the following day if said Monday is a legal holiday, unless the party entitled thereto otherwise requests in writing." The time for entry of judg-

ment as provided in § 1 has been changed by Rule 79 of the Superior Court (1932)[1] which reads in part, "Judgment in civil actions and proceedings ripe for judgment shall be entered by the clerk, unless the party entitled thereto otherwise requests in writing or the court otherwise orders, at ten o'clock in the forenoon, on Monday of each week. The court may order judgment to be entered at other times. On written agreement of the parties filed with the clerk judgment may be entered by the clerk on any day, without further order."

The filing of the agreement for judgment was a waiver of all exceptions and appeals so that the time for filing such exceptions and appeals as provided in G. L. (Ter. Ed.) c. 231, § 113 and § 96, need not be taken into account. After the filing of the agreement nothing further remained to be done and the clerk was right in entering final judgment on that day, April 10, 1951.

The decree of the judge in each of these suits so far as they apply to Kacouris is correct.

## THE FRIEDBERG APPEALS.

In his brief Mr. Friedberg argues three matters without citation of authority. He asserts that there was error in the denial of his petition to file a supplementary answer. There was no error in the action of the judge in this respect for the petition was in effect a motion to amend his answer and as we have repeatedly said the allowance of such a motion rests to a large extent in the discretion of the judge and no error is shown here.

A further assertion is that the decree of the judge was wrong in declaring that "the entire surplus proceeds of the Friedberg foreclosure sale, amounting to the sum of $3,780.41, with interest thereon, at the rate of 6% per annum, from February 21, 1951 [the date of the foreclosure sale], belong to and are to be apportioned" among

---

[1] Rule 79 of the 1954 rules reads the same.

the intervening creditors and others as indicated in the decree. He contends that at the time of the Kacouris demand upon him the amount of excess proceeds was undetermined and impossible of determination without the agreement of all parties, because he did not know to whom such money or portions of the money were payable. His contention is not sound. "He had in his hands from the time of the sale money of which he did not claim the ownership, and which he was aware that . . . [others] claimed . . . . He was also aware of all the circumstances upon which . . . [others] founded their claim. That he was doubtful of its validity gave him no right to retain the fund. . . . The delay was a breach of his obligation, and interest is the measure of damages which the law raises a promise to pay for the detention of the money after the breach of an express or implied contract for payment . . . ." *Mattel* v. *Conant*, 156 Mass. 418, 425. The mortgagee is responsible for interest. See *Davis* v. *Continental Realty Co.* 320 Mass. 428, 431.

Another assertion is that the judge erred in ruling that he was not entitled as matter of law to compensation for his legal services and for management services during the time he was in possession under an entry, although he found that $300 would be fair compensation for legal services and $200 for management services. He found that Mr. Friedberg, who was a member of the bar, acted as his own attorney in the foreclosure and management services. We are of opinion that the ruling of the judge in respect to this matter was error. A special provision of the Friedberg mortgage reads, "In case of a foreclosure sale, the holder hereof shall be entitled to retain one per centum of the purchase money in addition to all costs, attorneys' fees, charges and expenses." We think the claim for attorney's fees and management services comes within this provision of the mortgage and that the judge should have allowed Mr. Friedberg the sum of $500 which he found would be fair compensation for such fees and services. *Davis* v. *Continental Realty Co., supra. Davidson* v. *Zieman*, 283 Mass. 492, 495.

While the rule may be otherwise in most jurisdictions outside this Commonwealth, we are of opinion that here a mortgagee in possession is entitled to compensation for his personal services in managing and caring for the mortgaged property, in making leases and collecting rents. *Davidson* v. *Zieman, supra.* For a collection of Massachusetts cases see 170 A. L. R. 183.

It follows therefore that the decree in the first suit must be reversed and the case remanded to the Superior Court for the entry of a new decree not inconsistent with this opinion. The decrees in the second and third suits are affirmed.

*So ordered.*