MacNeil Bros. Company *vs.* Cambridge Savings Bank.

Middlesex.     February 7, 1956. — June 28, 1956.

Present: Qua, C.J., Ronan, Spalding, Counihan, & Whittemore, JJ.

*Mortgage,* Of real estate: redemption, mortgagee in possession. *Equity Pleading and Practice,* Costs. *Accounting. Interest.*

In the accounting in a suit in equity to redeem real estate from a mortgage, there was no error in allowing the mortgagee a management fee of six per cent of the rents collected while the mortgagee was in possession for the purpose of foreclosure, the premium for "property owners liability" insurance placed by him on the mortgaged property while in possession, and counsel fees incurred in connection with a suit for authority to foreclose under St. 1943, c. 57, as amended, the decree in which did not cover the matter of counsel fees. [361–362]

A mortgagee of real estate was not entitled, in the accounting in a suit in equity to redeem from the mortgage, to be allowed counsel fees incurred by him in connection with the suit in addition to taxable costs. [363]

In the accounting in a suit in equity for redemption against a mortgagee in possession of rented real estate, the interest charges should have been computed in accordance with the procedure stated in *Van Vronker v. Eastman,* 7 Met. 157, and annual rests should have been made whereby at the end of each year excess of the net rents received by the mortgagee in that year over the interest for that year would be deducted from unpaid principal and only the resulting balance taken as the principal for the computation of interest for the next year. [363–364]

Bill in equity, filed in the Superior Court on October 20, 1954.

The suit was heard by *Morton,* J.

In this court the case was submitted on briefs.

*Angus M. MacNeil,* for the plaintiff.

*Louis L. Green,* for the defendant.

SPALDING, J.   This is a bill in equity to redeem from three mortgages held by the defendant on three parcels of real estate owned by the plaintiff.   At the time the bill was brought the defendant was in the process of foreclosing the mortgages and had commenced proceedings for authority to do so under the soldiers' and sailors' civil relief act of 1940 (U. S. C. [1946 ed.] Title 50, Appendix, § 532) and St. 1943, c. 57, as amended by St. 1945, c. 120.   The sole issue was the amount which the plaintiff was required to pay on each mortgage in order to redeem.   The judge made findings of material facts in which he set forth the amount due on each mortgage.   A final decree was entered giving the plaintiff a right to redeem from the mortgages upon payment within thirty days of the amount due on each; in the event that there was no redemption within that time the defendant was given the right to proceed with the foreclosures.   The plaintiff appealed.   The case comes here with a report of the evidence.

The properties covered by the mortgages were located at 46 Eustis Street, 190–212 Charles Street, and 306 Broadway in Cambridge.   The amounts found by the judge to be due on these mortgages as of February 28, 1955, were as follows:   $1,655.61 (Eustis Street), $1,607.38 (Charles Street), and $1,321.77 (Broadway).   For various reasons that will presently appear the plaintiff contends that these amounts are incorrect.

1. Included in the amount due on each mortgage is a management fee of six per cent of the rents collected.   The plaintiff contends that the judge erred in allowing these fees.   There was no error.   It appears that on April 29, 1953, considerably more than a year prior to the commencement of the present suit, the defendant took possession of each of the properties for the purpose of foreclosing its ·mortgage.   A mortgagee in possession is entitled to fair compensation for his services in managing the property. While five per cent of the rents received is the amount usually allowed as compensation to a mortgagee in possession for his services (*Gibson* v. *Crehore*, 5 Pick. 146; *David-*

*son* v. *Zieman*, 283 Mass. 492, 495), the amount allowed by the judge, although in excess of five per cent, was not erroneous in law. Five per cent is not an inflexible percentage; each case must depend on its own peculiar circumstances. *Barry* v. *Dow*, 240 Mass. 419. *Barry* v. *Harlow*, 242 Mass. 159, 162.

2. The defendant while in possession of the property placed "property owners liability" insurance on each of the properties and the premiums for this insurance were allowed by the judge in determining the amounts due on each mortgage. The plaintiff challenges these charges. There was no error. That this was an allowable charge is settled by the very recent case of *State Realty Co. of Boston, Inc.* v. *MacNeil Bros. Co.*, ante, 294.

3. The judge allowed the defendant attorneys' fees of $576.07, $560.62, and $683.82 in computing the amounts due on the three mortgages. It appears that these fees for the most part arose out of the three bills mentioned above brought by the defendant seeking authority to foreclose under the soldiers' and sailors' civil relief act which were heard by a master. The plaintiff's position is, as we understand it, that since the decrees entered in those suits did not cover the matter of counsel fees they cannot be considered in the present suit.[1] There is no merit in that contention. All that was adjudicated in those suits was that the defendant was authorized to foreclose its mortgages by entry and under power of sale. Nothing decided in those cases precluded the defendant from having the question of attorneys' fees determined in the present suit. Except for an item to be mentioned presently the fees allowed were incurred in connection with the foreclosure of these mortgages and were properly allowed. *Bangs* v. *Fallon*, 179 Mass. 77, 85. *Davis* v. *Continental Realty Co.* 320 Mass. 428. We do not reach

---

[1] The plaintiff argues that the master in those suits included counsel fees in his reports, but that the court did not include them in the decrees and merely entered the usual decrees authorizing foreclosure. We have no way of knowing what the master's reports in those suits contained for they are not before us. The decrees, however, are before us, and merely authorize foreclosure.

the question of the reasonableness of these fees, for the plaintiff has not challenged them in that respect.

It appears that with respect to each mortgage the sum of $50 was allowed for attorneys' fees in connection with the present bill to redeem. These amounts ought not to have been allowed. *Barry* v. *Harlow*, 242 Mass. 159. As a general rule taxable costs are considered full compensation to a prevailing party for the expense of conducting litigation even though such costs are only nominal and wholly inadequate. *Malloy* v. *Carroll*, 287 Mass. 376, 384. *Goldberg* v. *Curhan*, 332 Mass. 310, 312, and cases cited. There are exceptions to this rule, some of which are set forth in the *Malloy* case, but the present case is not one of them; it is governed by the general rule.

The plaintiff further argues that certain of the fees and expenses allowed in connection with the foreclosures were not proper charges because incurred after the present suit was brought. A sufficient answer is that the facts on which this argument is based are merely assertions of counsel and are not borne out by the record.

4. The plaintiff contends that the judge erred with respect to interest charges allowed on the mortgages. As to each mortgage the defendant determined the interest due after default and entry by computing the entire amount of interest on the unpaid principal from April 29, 1953, when the defendant took possession. No adjustments in these interest figures were made to take into account income received during the period commencing with the entry through February 28, 1955, the date as of which the computation was made. The judge in his findings adopted the defendant's computation. The plaintiff contends that annual rests should have been made. We are of opinion that this contention must be sustained. The procedure in such cases was outlined clearly and succinctly in *Van Vronker* v. *Eastman*, 7 Met. 157, by Chief Justice Shaw where he remanded a case to a master with the following instructions: "The account must be reformed by making annual rests. 1. State the gross rents, received by the defendant,

to the end of the first year. 2. State the sums paid by him
for repairs, taxes, and a commission for collecting the rents,
and deduct the same from the gross rents, and the balance
will show the net rents to the end of the year. 3. Compute
the interest on the note for one year, and add it to the
principal, and the aggregate will show the amount due
thereon at the end of the year. 4. If the net annual rent
exceeds the year's interest on the note, (as it will,) deduct
that rent from the amount due, and the balance will show
the amount remaining due at the end of the year. 5. At
the end of the second year, go through the same process,
taking the amount due at the beginning of the year as the
new capital to compute the year's interest upon. So to
the time of judgment" (page 163). It is apparent that this
method was not followed in the case at bar. Since on this
record we are in no position to make the computation the
case must be further heard so that a computation of interest
can be made in accordance with these principles. With the
exception of the matter of interest just discussed and the
matter of fees relating to this suit, which ought not to have
been allowed, the charges allowed below are to stand
Upon further hearing the accounting, of course, should be
brought down to date.

*Final decree reversed.*
*Case to stand for further hearing in*
*conformity with this opinion.*