Jodrey, J.
This is a petition to establish the defendant's draft report which was disallowed by the trial justice as contrary to the facts of the case.
The docket indicates that the defendant was defaulted on September 5, 1980. The plaintiff filed a Dist./Mun. Cts. R. Civ. P., Rule 55 motion for assessment of damages on November 7, 1980. A hearing on this motion was then scheduled for December 23, 1980. It is apparently with reference to the events of December 23, 1980 that the recitals of the defendant's draft report were deemed inaccurate by the trial justice.
The formal docket submitted to this Division by the trial court clerk states that on December 23, 1980, the plaintiff s motion for assessment of damages was allowed, and an Agreement for Judgment was filed. A copy of the plaintiff s Rule 55 motion was not presented to this Division; but it may be inferred that said motion requested damages in the amount originally sought in the plaintiffs complaint: namely, $1500.00 plus interest and costs. The Agreement for Judgment, however, specified damages in the sum of $650.00, exclusive of interest and costs, and was signed by both the defendant and plaintiff s council. The defendant states in his draft report that on December 23, 1980 he filed a motion to remove the previous default against him and that said motion to remove the previous default against him and that said motion was assented to by the plaintiff. In support of this statement, the defendant has introduced handwritten, docket worksheets of the trial court. The single entry on such sheets for December 23, 1980, indicates that the default was "purged” and that an Agreement for Judgment for the plaintiff in the sum of $650.00 was filed. This docket does not state that the plaintiff s motion for assessment of damages was allowed.
The defendant's draft report further states that on April 22, 1981, subsequent to the filing of this Agreement for Judgment, the plaintiff requested that the case *327 be placed on the trial list for May 15,1981. The docket indicates that on May 15, 1981, a motion to remove the default was denied and that an assessment of damages in the sum of $1,292.36 was allowed by the trial court. The plaintiff requested, and the trial court entered, a default judgment for the plaintiff on June 2,1981 in the sum of$l,365.61 plus interest and costs. An execution in the total amount of $ 1,412.70 was issued on June 15,1981. The docket does not state that notice of either the plaintiffs motions or the entry of judgment was sent to the defendant.
On October 14, 1982, the defendant filed a Motion to Revoke Execution and Set Aside Default Judgment. As grounds therefor, the defendant stated:
This motion is supported by good cause in that the above entitled case went to final judgment on December 23, 1980. Therefore, there was no suit pending before the Court on May 15, 1981, when default plea was entered and the default judgment entered as a result thereof is void....
This motion is further supported by good cause in that the defendant did not receive notice of the intention of the plaintiff to apply to the Court to revoke the Agreement for Judgment filed by the parties on December 22, 1980....
In addition, the plaintiff did not comply with Massachusetts Rules of Civil Procedure, Rule 55 (b) in setting up a separate assessment of damages hearing after the defendant had been defaulted. There was also no motion for default before the Court when the defendant was defaulted on May 15, 1981.
Further, the defendant was a member of the Armed Services of the United States for a portion of the period subsequent to June 15, 1981.
The trial court denied the defendant’s motion on November 5, 1982. The defendant thereafter seasonably submitted the draft report which is at issue under the present petition to establish.
1. To prevail on a petition to establish, the aggrieved party must satisfy this Division that the draft report in question constitutes an accurate and complete recital of pertinent trial court proceedings. See Lechiara v. Amato, 1980 Mass. App. Div. 117, 118. As noted above, a discrepancy exists between the formal docket entry made by the trial court clerk and the defendant's draft report as to both a possible December 23, 1980 removal of the default and allowance of the plaintiff s motion for an assessment of damages. This discrepancy obviously generated the trial court's disallowance of the defendant’s draft report.
We note, however, that the defendant’s version of the December 23, 1980, trial court proceedings is substantiated by the handwritten entries on the docket worksheets of the trial court clerk.
In any event, a consideration of the instant petition to establish does not require a conclusive exploration of the status of the defendant's default or the plaintiff s Rule 55 assessment motion as of December 23, 1980. The dispositive procedural development in this action was the execution and filing by both parties of an Agreement for Judgment on December 23, 1980. The defendant’s draft report accurately and sufficiently narrates not only the entry of this Agreement by the trial court clerk but also all subsequent procedural developments in this case. The defendant's draft report thus constitutes an adequate vehicle for the presentation of material issues of law to this Division.
Accordingly, the defendant’s petition to establish the draft report in question is hereby allowed.
2. The sole issue presented by the report as established is a narrow one; namely, whether the trial court’s denial of the defendant’s "Motion to Revoke *328 Execution and Set Aside Default Judgment” was error. Both parties addressed the merits of this issue in oral argument on the defendant's petition to establish. No purpose would thus be served by a further hearing on the report as established, and we therefore proceed to a substantive consideration of the defendant’s, appeal. Loomis Institute v. Pezaris, 1983 Mass. App. Div. 169, 170.
3. The Agreement for Judgment executed and filed by boch parties on December 23, 1980 constituted the final judgment “for all purposes” in this case. Dist./ Mun Cts. R; Civ. P., Rule 58 (a). Parties who file an agreement for judgment "are as much bound by the legal effect of the judgment as if it were the outcome which a court would have reached had the issues disclosed by the pleadings been fully tried and decided.” Ansara v. Regan, 276 Mass. 586, 589 (1931). See also Macheras v. Syrmopoulos, 319 Mass. 485, 486 (1946). Unless the judgment is vacated for good cause upon motion by one of the parties, [see generally Medford v. Corbett, 302 Mass. 573, 574 (1939)], the judgment stands and "all entries on the docket which follow it are immaterial and void.” Kacouris v. Loukas, 333 Mass. 44, 48 (1955).
4. No motion was presented by the plaintiff herein to vacate the parties’ December 23, 1980 Agreement for Judgment. The docket discloses that the plaintiff merely submitted motions for assessment of damages and for a default j udgment on May 14 and J une 2,1981, respectively. Neither of these motions can be readily construed as a Dist./Mun. Cts. R. Civ. P., Rule 60 motion for relief from judgment.
The plaintiff has stated that motions were filed in May and June for a default judgment because "no money (was) paid and no correspondence (was) received from the defendant subsequent to the parties' Agreement for Judgment." A defendant’s simple failure to satisfy a judgment is not, per se, cognizable under Rule 60 (b) as a basis for granting relief from such judgment to a plaintiff. The remedy in such a situation is an action for supplementary process.
Nor can the defendant’s post-judgment inaction be deemed to signify a degree of bad faith amounting to a fraud upon the court in the defendant’s original procurement of the Agreement for Judgment. The kind of fraud or misconduct which warrants vacating ajudgment pursuant to Rule 60 (b) (3) must rise "to the level of a deliberate and calculated plan to use the judicial system in an unconscionable and fraudulent manner.” Pina v. McGill Corp., 388 Mass. 159, 169 (1983).
There is also no basis for a determination herein that the plaintiffs motion for a default judgment and damages were intended to constitute an "independent action" for relief from judgment. The plaintiff who commences such an “independent action” must still demonstrate, inter alia, the “presence of fraud, accident or mistake” which prevented the plaintiff from obtaining the benefit of his meritorious claim. J. SMITH AND H. ZOBEL, RULES PRACTICE § 60.16, p. 488 [8 M.P.S. (1977)]. No evidence of fraud, accident or mistake was advanced by the plaintiff to compel a vacating the parties’ Agreement for judgment.
The short answer to the plaintiffs contentions is that the docket clearly indicates that no request for relief from judgment was made by the plaintiff and no vacating of the Agreement for Judgment was ordered by the court. Thus the Agreement for Judgment stood in June, 1981, as the final judgment in this action. The default judgment subsequently entered by the trial court on June 2, 1981, was, therefore, null-and void ab initio. Kacouris v. Loukas, supra at 48.
5. A Dist./Mun. Cts. R. Civ. P., Rule 60 (b) motion for relief from a void judgment is not addressed to the discretion of the trial justice and need not be *329 brought within one year after the entry of judgment. P.C.M., Inc. v. Cambridge Motor Inn, Inc., Mass App. Div. Adv. Sh. (1978) 239, 245. See also Sagers v. Yellow Freight Systems, Inc., 68 F.R.D. 686, 689 (N.D. Ga. 1975). Thus the defendant’s October 14, 1982 motion to set aside the void default judgment entered on June, 1981 should have been allowed as a matter of law.
, 6. The trial court’s denial of the defendant’s "Motion to Revoke Execution and Set Aside Default Judgment” is reversed. The judgment of June 2, 1981 is vacated and the execution issued thereon is revoked.

So ordered.