Fecteau, J.
In connection with their claims against the defendant arising out of a first-party, dram shop action, a verdict in favor of the plaintiffs was returned by ajury, after eight days of trial, on October 25,2002. Thereafter, the plaintiff filed the above motion, to which the defendant is opposed. A hearing was conducted on November 26, 2002.
The plaintiffs’ motion is supported by materials arranged topically in Sections A through L. After consideration of the pleadings and arguments of the parties, I find that the following categories and amounts are permitted by law, were incurred by the plaintiffs and were reasonably necessary to the prosecution of the trial of this action;[1] therefore, the plaintiffs’ motion for the taxation of costs is allowed, with respect to the following categories, in whole or in part, as follows.
A. Filing fees: $ 470.00;
B. Constable fees: 1495.00;
C. Medical documentation: 811.60;[2]
D. Deposition transcripts: 3,010.60;
E. Outside records: 96.25;[3]
H. Travel: 777.46.
(Total): $6,660.63
The plaintiffs seek additional costs[4] that are not permitted as a matter of statute, case law or rule. Notwithstanding the plaintiffs’ citation to G.L.c. 261, §1, in which is stated that “the prevailing party shall recover his costs,” the statutory limits upon the taxation of costs have been recognized as “nominal and wholly inadequate.” MacNeil Brothers, Inc. v. Cambridge Savings Bank, 334 Mass. 360, 363 (1956), quoting Malloy v. Carroll, 287 Mass. 376, 384 (1934). The taxation of costs has more recently been discussed in Waldman v. American Honda Motor Corp., 413 Mass. 320 (1992), in which was stated, at p. 322, that “[i]n taxing costs, courts do not seek to compensate litigants fully for the cost of litigation.”
The plaintiffs contend that they are entitled to be fully compensated for the harm suffered as a result of the defendant’s wrongdoing, including the assessment of all costs. The costs of litigation, including counsel fees, do not come within the traditional elements of tort damages, unless otherwise and specifically permitted by contract, statute or rule. “A successful litigant may recover the actual, reasonable costs of the action from an adversary only if ‘a statute permits awards of costs ... or ... a valid contract or stipulation provides for costs, or . . . rules concerning damages permit recovery of costs.’ [Citations omitted.) General Laws, c. 261, §1, is not such a statute ... The Legislature must be presumed to have known of [our previous] decision affirming the vitality of the American rule . . . Because nothing in any amendment suggests that the Legislature intended that G.L.c. 261, § 1, reverse the American rule, we assume the Legislature did not intend to do so.” Waldman, supra, at 322-23.
Therefore, in consideration of the points and authorities in connection with the issue of the taxation of costs, expert fees, including the preparation of a report for review by an expert and out-of-state travel of an expert, is not authorized. The costs of legal research are deemed to be within the purview of counsel fees, as are the costs of private investigation, and likewise are not authorized by law.
With respect to photocopies and “graphics” (enlarged visual displays), such costs must be allowed, if at all, under the provisions of G.L.c. 261, §25A, which has a $500.00 limit for such expenses, “unless the court shall otherwise determine.” As this limit was reached and exceeded for the costs associated with “medical documentation” (category C) and a portion of “outside records (non-medical)” (category E), found to *508 be reasonably necessary, and that there exists today other means for graphic displays without the necessity of such costs, they are found not to have been reasonably necessary and shall be disallowed. Counsel fees are deemed to be inclusive of charges for photocopying.
Consequently, the amounts sought by the plaintiffs to be taxed against the defendant that are described and enumerated in categories F, G, I, J and K are not approved.
ORDER ON MOTION
For the foregoing reasons, the plaintiffs’ motion is allowed in part; costs are assessed against the defendant and a judgment for costs shall enter in favor of the plaintiffs in the amount of six thousand six hundred sixty dollars and sixty-three cents ($6660.63).

I specifically find that the costs associated with the witness subpoenas for deposition and trial testimony listed by the plaintiff and the production of deposition transcripts for each such witness was reasonably necessary in connection with the trial of this case which involved a burden upon the plaintiffs to prove wilful, wanton or reckless conduct and against which was waged a vigorous defense, chiefly through cross-examination. In addition, I find that it was reasonably necessary, given the circumstances, that plaintiffs’ counsel travel to Florida in order to take the depositions of the defendant’s manager and his wife, a co-owner of the defendant, who had relocated there and, as it turned out, did not make themselves available for live testimony at trial.

The cost of reports from Western Health Services and Pioneer Spine and Sports Physicians, P.C. are disallowed as they are deemed to be associated with expert witness fees.

The costs of reference materials from the Educational Foundation of the National Restaurant Association and the transcripts of prior testimony of the defendant’s expert, Brian Pape, are disallowed.

F. Experts: $22,702.89; G. Graphics: $5443.85; I. On-line legal research: $2020.61; J. Photocopies: $2680.01; K. Private investigation: $1463.20.